## HERSCHEL CAMPBELL v. STATE.

No. A-2518.    Opinion Filed May 6, 1916.

(157 Pac. 49.)

1.  **EVIDENCE—Testimony of Accomplice—Question for Jury.** When a conviction is sought on the testimony of an accomplice there must be competent corroborative evidence tending to connect the defendant with the commission of the offense charged, and when there is such corroborative evidence its weight and effect is a matter for the jury to determine.

.2.  **INTOXICATING LIQUORS — Criminal Prosecution—Evidence— Sufficiency.** In a prosecution for unlawfully conveying intoxicating liquors, the evidence reviewed and held sufficient to sustain the conviction.

*Appeal from County Court, Okfuskee County;*
*T. H. Wren, Judge.*

Herschel Campbell, was convicted of a violation of the prohibitory law and appeals. Affirmed.

*H. L. Burris* and *A. B. Burris,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  This appeal is from a judgment of the County Court of Okfuskee county rendered on the 19th day of April, 1915, upon a verdict convicting Herschel Campbell, the defendant of unlawfully transporting and conveying twenty-two quarts of gin and thirty quarts of whisky from a point on the west boundary of Okfuskee county near Paden to the bridge across Greenleaf creek about two miles southwest of the town of Okemah, and assessing his punishment at imprisonment in the county jail for sixty days and a fine of two hundred and fifty dollars.

The assignments of error question the sufficiency of the evidence to sustain the conviction, and it is contended that the verdict

of the jury is based solely upon the uncorroborated testimony of an accomplice.

The evidence for the state was substantially as follows:

Zeb Willis testified that he lived at Shawnee, and on the 15th day of March, 1915, he left there with Herschel Campbell the defendant in an automobile and drove to the Rock Island depot at Dale where they signed up for and received about seventeen gallons of gin and whisky which they placed in the automobile and started for Okemah, passing through the towns of Prague, Paden, Castle and Boley; that about three o'clock the next morning they stopped near the bridge across Greenleaf creek and there took the gin and whisky out of the car and hid it; then started on and ran into a mud hole and left the car there; and walked to Okemah. The automobile, a Ford delivery car belonged to the defendant Campbell.

Dee Hart, a negro, testified that he left Okemah Saturday night and went to Jim Gambell's and between three and four o'clock that Sunday morning as he was returning to Okemah he passed a car in which the defendant Campbell and Zeb Willis were riding and then they passed him in the car; that it was a moon light night, almost as bright as day and he could tell the car they were riding in from any other car, because it had an iron box behind the driver's seat; that he noticed there was some sacks in the back end of the car.

Sam Wilson, sheriff of Okfuskee county testified that he arrested Herschel Campbell and Zeb Willis about eight o'clock that Sunday morning and the defendant Campbell told him that his car was stuck in a mud hole near town; and Zeb Willis told him where to find the whisky and gin and he went about two miles west of Okemah and found five or six sacks containing about sixty or sixty-five quarts of whisky and gin. That he found the car in the road between Okemah and the place he found the whisky; that it was a Ford run-about with an iron box behind the driver's seat.

As a witness in his own behalf the defendant Campbell testified that he lived on a farm near Shawnee; that Zeb Willis hired and paid him fifteen dollars to take him from Shawnee to Okemah in his car; that they started from Shawnee and went direct to Prague, arriving there about sun down and there he had his car repaired and got some gasoline. From Prague they went on through Boley and Zeb Willis told him to stop at the bridge on Greenleaf creek that he had a fellow haul some whisky over there the night before; that when they arrived there Willis got out and went down the creek and came back with a quart of whisky. That before they reached Okemah the car "bogged;" that they tried to get it out and failed so they left the car there and walked to Okemah.

It will be observed that the witness Dee Hart identifies the defendant Campbell and Zeb Willis as the men he met in the road riding in a peculiar car which he describes, and he testifies that some sacks were piled up in the back end of the car. This in connection with the hour that they had calculated to arrive at Okemah tends to connect the defendant Campbell with the offense charged. When a conviction is sought on the testimony of an accomplice there must be corroborative evidence tending to connect the defendant with the commission of the offense charged, (section 5884 Rev. Laws). and when there is such corroborative evidence it is for the jury to determine the effect to which it is entitled. This court will not disturb the verdict of the jury and the judgment of conviction, unless it finds that there is not in the record any testimony other than that of the accomplice which tends to connect the defendant with the commission of the offense. This we cannot say upon the record before us. Upon a careful examination of the record we think there is ample and sufficient evidence to sustain the verdict of the jury. The judgment is therefore affirmed.

ARMSTRONG, J., concurs.