## J. E. MARTIN v. STATE.

No. A-2522.   Opinion Filed June 10, 1916.

Rehearing Denied September 20, 1916.

(159 Pac. 940.)

1.   EVIDENCE—Testimony of Accomplice—Necessity of Corroboration. One cannot be convicted upon the uncorroborated testimony of an accomplice; but the testimony of the accomplice must be corroborated by such evidence as in itself, and without the aid of the testimony of the accomplice, tends to in some degree connect the defendant with the commission of the offense. The corroborating evidence in this case examined, and held to be sufficient.

2.   LARCENY—Elements of Offense—Acts of Confederates. Where the evidence discloses a course of conduct between the appellant and his codefendants which justifies the conclusion that they were confederates in a plan by which the codefendants were to steal cattle, and the appellant conceal and market same, the appellant may properly be prosecuted for the larceny of the animals; and the contention that he should have been prosecuted for receiving stolen property, instead of larceny, is not well taken.

*Appeal from District Court, McCurtain County;*
*C. E. Dudley, Judge.*

J. E. Martin was convicted of larceny of a domestic animal, and appeals. Affirmed.

*Jeff D. McLendon,* of Idabel, for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J. This appeal is from a judgment in the district court of McCurtain county. J. E. Martin, the defendant in that court and appellant here, was tried for the larceny of a cow, and was convicted and sentenced to two years in the penitentiary. The information charged the defendant, Martin, jointly with Ollie Wright, Benson Maytubbe, and Alvin Nelson, with the theft of the cow. Martin was granted a severance, and placed upon trial alone.

The state used Benson Maytubbe as a witness against Martin, and one of the complaints of appellant in this court is that he was convicted upon the uncorroborated testimony of Maytubbe, an alleged accomplice. Maytubbe testified that he and Wright took the cow to appellant's home, reaching there about 11 o'clock at night; that they awoke him, and, after some conversation between the appellant and Wright, the three roped the cow, changed the brands on her, altered the earmarks, and dehorned her by the light of a lantern; that appellant gave Wright $20 for the cow, and he got a quart of whisky for assisting Wright in delivering her to the appellant. The appellant as a witness in his own behalf disputed this testimony; but the horns of this cow, which seem to have been of a rather unusual character, were found near the spot where Maytubbe says she was dehorned, while the blood was still fresh upon them, and later were positively identified. A neighbor, a few days after this offered appellant $40 for the cow; but he declined to sell her to him solely upon the ground that he lived in too public a place. Members of Maytubbe's family testified that he and Wright left their house after dark with the cow, and did not return until next morning. The earmarks had been altered and the brand changed from "G. K." to "O. B." There were also other corroborating circumstances; and the corroborating testimony, all taken together, furnished sufficient evidence, if believed by the jury, to justify a conviction without the testimony of Maytubbe.

2. The appellant complains that, if the evidence proved any offense at all, it was that of receiving stolen property rather than larceny; and, also, that on this account the instructions given by the court were erroneous.

If this was the only transaction in which these parties had been connected, there might be more force in this contention; but there was evidence, properly admitted, of other and similar transactions between these parties, which taken as a whole justified the conclusion that the codefendants of appellant were confederates of his in a plan to steal cattle and deliver them to him at one-half their market value, and he to rebrand, dehorn, and conceal until they could be disposed of for their real worth, and thus reap to himself the benefit of the alliance. And under this state of the record it was not error for the court to give the instructions complained of, which were to the effect that if the jury believed beyond a reasonable doubt that Benson Maytubbe, Ollie Wright, and Alvin Nelson, or either of them, did steal the cow of George Kirk, with intent to deprive the owner thereof, and that the defendant, J. E. Martin, was concerned in the taking of the said cow, or aided or abetted in the taking of said cow, though not present, it would be their duty to find the defendant guilty.

There appearing no errors prejudicial to the substantial rights of the appellant, the judgment of the lower court is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.