## GEORGE REED v. STATE.

No. A-3769. Opinion Filed Feb. 25, 1922.
Rehearing Denied Nov. 28, 1922.
(210 Pac. 311.)

(Syllabus.)

**Larceny—Party Assisting in Carrying Away Stolen Goods Liable as Principal.** One who joins in with thieves and assists in the asportation and disposal of stolen property, knowing at the time he does so that the others acting with him are in the very act of carrying away the property of another, must be held guilty as a principal.

(a) The above conclusion is founded on the provisions of sections 2666 and 2104, Rev. Laws, 1910, making one aiding and abetting the thief a principal in any county where the felonious asportation took place.

Appeal from District Court, Nowata County; C. W. Mason, Judge.

George Reed was convicted of grand larceny and sentenced to serve a term of two years in the state penitentiary, and he appeals. Affirmed.

E. E. Sams and Henshaw & Hough, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. George Reed, plaintiff in error, in this opinion designated the defendant, was by information filed in the district court of Nowata county, April 29, 1919, charged jointly with Henry Meigs with the theft of one Dort automobile, the property of one L. T. McCament, in Nowata county, Okla. These defendants were tried separately. Meigs, having entered his plea of guilty, was at the time of the trial of Reed serving his sentence for the crime in the state penitentiary.

The automobile, the subject of the larceny charged, was originally taken from the owner in Coffeyville, Kan., and by the codefendant Meigs taken to what is known as Blue can-

yon in the Big Creek country in Nowata county, near the home of the defendant. The car was there dismembered, and portions of it were placed upon the Dort car belonging to this defendant. Other portions were hidden in a well nearby, other parts were thrown into a creek and other places nearby, and what remained was found in this canyon, partially consumed by fire. There was evidence to show that both Meigs and Reed were concerned in tearing the car apart and in concealing the parts not afterwards used.

The defendant at first denied that any of the parts taken from the stolen car had been attached to his car, but afterwards admitted that some of them were. There is evidence tending to show that the defendant had a previous arrangement with his codefendant Meigs, and assisted him to steal this car or other cars; that it was agreed that Meigs was to obtain parts to repair this defendant's Dort car, and that the repairs would not cost defendant anything, except the occasional use of the car so repaired. There is evidence to the effect that the defendant took his team and wagon and helped Meigs to haul the engine and other heavy parts of the car to the places where they were concealed. A deputy sheriff testified that Meigs, in the presence of this defendant, stated that the defendant was with Meigs when the car was stolen, but that in subsequent conversations he denied that this defendant was with him, stating that the taking of the car in the first instance was done by him alone. The parts taken from the stolen car and attached to the car of the defendant were put there by Meigs, who was an automobile mechanic, and while these parts were being so placed Meigs stayed for several days at the home of the defendant.

The defendant testified that he had a contract with Meigs to repair his car, for which he was to pay him $50, that in the course of the work done on the car he paid him several

small checks, and that he had no knowledge that the parts placed upon his car were taken from a stolen car, and did not know from whence they came or in what manner they were brought upon his premises.

Seven assignments of error are urged in defendant's brief, but these may be condensed and treated under one head, as follows: That before one can be convicted of the larceny of property taken in another state and brought into this state he must have had such part in the original taking that he would be guilty of the crime of larceny in that state; that to render one guilty of such larceny in this state he must either have participated therein or aided and abetted therein in the other state. As will be seen later, this is not a correct statement of the law as it exists in this state.

While the evidence is not conclusive, there is evidence which, when considered with all the circumstances in the case, indicated strongly that the defendant was connected with the original taking of the property.

While there was no direct testimony that there was an agreement or arrangement between the defendant and Henry Meigs that the latter was to steal this particular car, there is testimony to show that he was to procure such parts for defendant's car as would put it in running order, and that they were to sell such parts as could not be used. Under this theory of the case the defendant was interested in the original taking.

Section 2666, R. L. 1910, reads as follows:

"Any person who steals the property of another in any other state or country, and brings the same into this state may be convicted and punished in the same manner as if such larceny had been committed in this state; and such larceny may be charged to have been committed in any town or city into or through which such stolen property has been brought."

Section 2104, R. L. 1910, provides:

"All persons concerned in the commission of crime, wheth-er it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Construing these two sections together, it is apparent that if the defendant here was not concerned in the original taking of the car in Kansas, but afterwards, with knowledge that it was a stolen car, assisted in its asportation within this state, such acts would constitute larceny here. As to this defendant under such circumstances, the taking would be within the state of Oklahoma. To maintain the prosecution it is not necessary to show that this defendant was an accessory to the original taking; it is sufficient that he aided and abetted in the asportation within this state—and there is evidence in the record to support both theories.

In the case of Brown v. State, 7 Okla. Cr. 678, 126 Pac. 263, quoting from the body of the opinion at page 683 of 7 Okla. Cr., at page 265 of 126 Pac., it was said:

"Larceny has been held to be a continuing offense; and statutes providing that the thief may be prosecuted in any county into which he takes the stolen goods have been held to be constitutional. * * * Upon this theory, one who joins in with the thieves and assists in the asportation and disposal of stolen property, knowing at the time he does so that the others acting with him are in the very act of carrying away the property of another, must be held guilty as a principal."

See, also, Bivens v. State, 6 Okla. Cr. 521, 120 Pac. 1033.

We see no reason why the asportation of the property should be divided into parts, separating the asportation in Kansas from that in Oklahoma. It was not the intention of the Legislature in the enactment of section 2666, supra, to in-

dulge in intricate fictions. Section 2104, supra, provides that all persons concerned in the commission of a crime, whether it be a felony or a misdemeanor, and whether done directly or indirectly, are principles. The fact that this defendant may have assisted in the asportation of only a part of the property makes no difference. Indeed, there must have been some slight asportation of the whole car when he assisted his codefendant in removing the tires and other portions of the car.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.