# AUDIE ROACH v. STATE.

No. A-5280.   Opinion Filed April 16, 1926.
(245 Pac. 665.)

J. Q. A. Harrod, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   The plaintiff in error, Audie Roach, here designated the defendant, was by verdict of a jury found guilty of grand larceny, with his punishment fixed at confinement in the penitentiary for a term of six years.

This defendant was charged jointly with G. M. Hays with the larceny of a Ford roadster.   Hays entered a plea of guilty, and was sentenced to serve a term of five years in the penitentiary.   At the trial of the defendant, Hays, although called as a witness for the state, endeavored to assume all responsibility for the theft of the car. But other portions of the state's evidence indicated beyond a doubt that two persons took the car, in the nighttime, from the garage of the owner; that these two men were identified in possession of the car at about 3 o'clock in the morning at a farmhouse some miles distant from

the place from where it was taken, where they stopped to procure gasoline, and where the farmer assisted them in getting the car out of a ditch; that Hays and the defendant were found in the possession of the car later that same morning in the act of dismantling it of some of its accessories; and that statements made to the farmer, to the officers, and various other persons by the defendant concerning the ownership of the car and the two men's possession of it were inconsistent with defendant's innocence.

It was the theory of the defense that Hays had stolen the car, and that the defendant Roach had afterwards joined him in its transportation, not knowing that the car was stolen. The facts and circumstances brought out by the state through its various witnesses, all considered together, make it conclusively appear that this defendant was implicated in the original taking of the car.

Complaint is made by the defendant that the court failed to instruct the jury upon the law of circumstantial evidence. It has been so often held by this court, as to need no citation of authority, that such an instruction is not mandatory, unless the evidnce is wholly circumstantial. There was considerable direct, positive evidence in this case connecting the defendant with the larceny of the car, which made it unnecessary to submit an instruction on circumstantial evidence, and more particularly so since there was no request for such an instruction.

It is further contended that instruction No. 4 was erroneous and prejudicial. This instruction reads thus:

"You are instructed, gentlemen of the jury, that under the laws of this state all persons concerned in the commission of any felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals, and are prosecuted as such; and any person who joins with another in the taking away of personal property, know-

ing the same to have been recently stolen, is guilty as though he had taken part in the original taking. And in this connection, gentlemen; should you find from all the facts and circumstances in this case, beyond a reasonable doubt, that the defendant, Audie Roach, did take, steal, and carry away by fraud and stealth the automobile as charged in the information, or aided, abetted, or assisted another in taking, stealing, and carrying away by fraud or stealth, or after the larceny of said car joined with another in taking said property away by fraud or stealth, knowing the same to have been recently stolen, and that the automobile in question was the property of one Edgar Stultz, then in such event the defendant would be guilty, and you should so find."

The concluding part of this instruction, indicating that the defendant would be guilty in the event that he joined the thief and aided and assisted in the asportation of the stolen car after its original taking, was ineptly worded and stated. The words "after the larceny of the car" should have been omitted; or the instruction should have concluded with a declaration that one who joins with a thief and assists in the asportation and transportation of the stolen property, knowing at the time he does so that the other acting with him is in the act of carrying away the property of another, is equally guilty of the larceny. Good v. State, 21 Okla. Cr. 328, 207 P. 565; Martin v. State, 12 Okla. Cr. 510, 159 P. 940; Brown v. State, 7 Okla. Cr. 678, 126 P. 263; 36 Corpus Juris, 798.

However, under the evidence, the jury could not have been misled by the technically inaccurate phrase "after the larceny of the car." Under the circumstances in this case the larceny was being committed, and was not completed as long as the asportation continued, and it was evident that the defendant, who aided in the asportation, was also implicated in the original taking.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.