## HUBERT SMITH v. STATE.

No. A-6203.   Opinion Filed May 12, 1928.
(267 Pac. 283.)

Ash & Jones, for plaintiff in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment of conviction rendered on the verdict of a jury finding the defendant guilty of grand larceny and leaving his punishment to be fixed by the court.   Motion for new trial was duly filed and overruled, and on the 3d day of November, 1925, the court sentenced the defendant to imprisonment in the penitentiary for a term of 2½ years.

The information charges that the defendant, Hubert Smith, on or about the 10th day of February, 1925, did take, steal, and carry away a certain set of heavy

leather work harness, of the value of $66, the personal property of L. R. Mitchell.

The main question presented is whether or not the evidence was sufficient to sustain the verdict.

The testimony on the part of the state, which was all the testimony offered in the case, shows or tends to show the following facts:

The complaining witness, L. R. Mitchell, lived on a farm a mile west of Cordell. On the afternoon of the 10th day of February, he bought a set of heavy work harness from a hardware store in Cordell and took it home that evening, and it was stolen out of his barn that night. A few days later D. H. Hill, an officer of Cleveland county, went to the home of Albert Baker, near the town of Moore, and there found two sets of stolen harness which he took and delivered to the sheriff at Norman. On the 27th day of February, L. R. Mitchell identified one set of this harness as his property. The other set was identified by Hubert Wells as his property, stolen from his place near Cordell on the night of the 29th day of January; that the defendant, Hubert Smith, and Frank Simpson brought the Mitchell harness to the Baker place on the morning of February 11th, and brought the Wells harness to the Baker place on the morning of January 30th.

As a witness for the state, Frank Simpson testified that he lived in Washita county at that time and the defendant, Smith, lived at Oklahoma City, and that they were both at Cordell when Mr. Mitchell bought the harness, and together they went to Mitchell's place that night and took the harness and carried it to Albert Baker's place near the town of Moore and delivered it to Albert Baker's boy; that in the last days of January they left Cordell and went to Hubert Wells'

place, near Cordell, and took a set of harness and carried the same to Albert Baker's place near the town of Moore; that before either harness was stolen the defendant, Smith, told the witness that he had a man that would buy stolen harness from them and would keep his mouth shut.

On cross-examination, he admitted that he had served a term of 6 months in the state penitentiary. that he testified for the state because he had been promised it would be lighter on him.

Mrs. Angaleigh Baker testified that in the months of January and February, this year, she was living at the home of her father-in-law, Albert Baker, near the town of Moore; that the defendant, Hubert Smith, and Frank Simpson came there together with a set of harness, and about 2 weeks later they came again and brought another set of harness; that they arrived there early in the morning.

At the close of the evidence for the state, the defendant moved for a directed verdict of acquittal on the ground "that there is no corroboration of the accomplice, Frank Simpson." The motion was overruled.

The contention of plaintiff in error is that he was convicted upon the uncorroborated evidence of an accomplice.

The testimony of witness Mrs. Baker, which is undisputed, shows that the defendant and the accomplice were in possession of the stolen property within a few hours after it was stolen.

The possession of property recently stolen is evidence against the accused, which, like all other evidence, is to be taken and considered by the jury in connection with the other evidence in the case.

Mr. Bishop says:

"When the fact of a theft has been shown, and the question is whether or not the defendant committed it, his possession of the stolen goods, either sole or joint with others, at a time not too long after the stealing, is a circumstance for the jury to consider and weigh in connection with the other evidence. Its significance will vary with its special facts, and with the other facts of the case, among which are the nearness or remoteness of the proved possession to the larceny, the nature of the thing as passing readily from hand to hand or not, what explanations he made on it being discovered that he had the goods, together with such other facts as ought reasonably to influence a juror's opinion." 2 Bish. New Cr. Pro. par. 740.

When a conviction is sought on the testimony of an accomplice, there must be competent corroborative evidence tending to connect the defendant with the commission of the offense charged (section 2701, C. S. 1921), and when there is such corroborative evidence its weight and effect is a matter for the jury to determine (Campbell v. State, 12 Okla. Cr. 349, 157 P. 49; Martin v. State, 12 Okla. Cr. 510, 159 P. 940).

It is also a well-settled rule that evidence corroborative of an accomplice need not directly connect the defendant with the commission of the crime; it is sufficient if it tends to connect him with its commission. Moody v. State, 13 Okla. Cr. 327, 164 P. 676.

It follows that the motion for a directed verdict of acquittal was properly overruled.

The only other assignment of error is based upon the action of the court in admitting, over the objections of the defendant, evidence showing that he had been guilty of an offense other than the one charged in the information.

Generally speaking, evidence of other crimes is

competent to prove the specific crime charged when it tends to establish a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other or to connect the defendant with the commission of the crime charged. To be competent and admissible, it must have some logical connection with the offense charged.

Evidence covering the commission of another offense is also admissible when two crimes are so linked together in point of time or circumstance that one cannot be fully shown without proving the other.

Evidence tending to show design or plan to commit the crime charged is admissible, although it may have tended to show defendant guilty of a separate offense. Kennedy v. State, 25 Okla. Cr. 306, 220 P. 61; State v. Rule, 11 Okla. Cr. 237, 144 P. 807; Montgomery v. State, 13 Okla. Cr. 653, 166 P. 446; Vickers v. United States, 1 Okla. Cr. 452, 98 P. 467.

The record also shows that the court instructed the jury as to the purpose for which they might consider such evidence in this case.

Upon a consideration of the whole case, no reversible error is found and the judgment of the court below is affirmed.

EDWARDS and DAVENPORT, JJ., concur.