## DAVE REED v. STATE.

No. A-7758.  Opinion Filed March 28, 1931.
(297 Pac. 327.)

288

W. L. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of the crime of grand larceny, and his punishment fixed by the jury at imprisonment in the penitentiary for a term of one year and one day.

The evidence of the state was that the defendant, together with Clarence S. Evans and Ed. Naff, left the city of Chandler in Reed's automobile at about 10 o'clock in the morning and drove to the town of Prague, where Evans and Naff entered the general store of one Thomas, while Reed stayed in the car which was parked near the store; that while Naff had a clerk showing him shoes in the back of the store, Evans stole 19 pieces of silk underwear; that in making the trip from the store to the automobile Evans dropped one piece on the sidewalk in front of the store, and that he placed the 18 pieces so stolen in the car, under the back cushion, while the defendant sat in the front seat; that none of these stolen articles were wrapped; that one White, who had a store in Prague, saw the piece of stolen underwear drop on the sidewalk, picked it up, and carried it to the Thomas store, and there learned that none of it had been sold; that, before Thomas and White could reach defendant's car he and Evans drove about four blocks; that Thomas and White followed this car out to the end of the street and back to the front of the

Thomas Hotel, where Naff was standing; that White and Thomas drove up by the side of defendant's car and ordered them to get out, which they refused to do; that White reached in and lifted the cushion in the back seat and there discovered the stolen underwear which had been taken out of the Thomas store, and which White and Thomas had seen put in defendant's automobile.

It is admitted by counsel for defendant that Evans and Naff stole the underwear from the Thomas store, but it is contended that the evidence against the defendant is wholly insufficient to sustain the conviction.

In the case of Good v. State, 21 Okla. Cr. 328, 207 Pac. 565, 566, 29 A. L. R. 1029, this court said:

"One who joins with a thief and assists in the asportation and disposal of stolen property, knowing at the time he does so that the other acting with him is in the act of carrying away the property of another is equally guilty of the larceny." Brown v. State, 7 Okla. Cr. 678, 126 Pac. 263; Reed v. State, 22 Okla. Cr. 141, 210 Pac. 311.

Under the law above quoted, it was for the jury to determine whether or not the defendant's connection with his codefendants, Evans and Naff, was an innocent one, or whether, if innocent in its inception, he was at least guilty of entering into the incomplete asportation of this property with knowledge that Evans was in the act of stealing the same.

We cannot agree with counsel that this evidence did not warrant a verdict of guilty from the jury. When all of the testimony and the facts and circumstances are considered together, they fairly establish the guilt of the defendant.

Defendant next contends that the court erred in permitting White and Thomas to testify to the discovery of the stolen goods in the defendant's car.

These witnesses were not officers, but were private citizens; White had seen one of the stolen articles dropped to the sidewalk, and had seen the balance of the stolen articles put in defendant's car; they were not acting under any authority from the state, nor did they present or represent themselves to be officers at the time they looked in defendant's car and took possession of the stolen goods.

Section 2477, C. O. S. 1921, provides:

"A private person may arrest another:

"First. For a public offense committed or attempted in his presence.

"Second. When the person arrested has committed a felony although not in his presence.

"Third. When a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it."

Under authority of this section, White and Thomas were authorized to arrest the defendants, or could have detained them until the officers could be called.

The rule as to search and seizure is more liberal when applied to private citizens than when applied to public officers. It has been held that the constitutional provisions do not run against private citizens, but only against public officials while pretending to act under process or under their authority as public officers. Cohn v. State, 120 Tenn. 61, 109 S. W. 1149, 17 L. R. A. (N. S.) 451, 15 Ann. Cas. 1201; Boyd v. U. S., 116 U. S. 619, 6 S. St. 524, 29 L. Ed. 746; Adams v. New York, 192 U. S. 586, 24 S. Ct. 372, 48 L. Ed. 577.

Under the facts as revealed in this case, White and Thomas could take possession of the goods they knew to be stolen and detain the defendants, and the evidence ob-

tained under these circumstances was admissible against the defendant.

The other errors complained of by defendant have been carefully considered and found to be without sufficient merit to require discussion in this opinion.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.