STATE OF MONTANA, Plaintiff and Respondent, v. EMIL GUAY, Defendant and Appellant.

No. 10071.

Submitted November 1, 1960. Decided November 28, 1960.

357 P.2d 19.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the fifth judicial district, Jefferson County, entered pursuant to a jury verdict finding defendant guilty of grand larceny.

On January 26, 1959, one Keith Burt was driving along a back country road in Jefferson County that leads to his ranch. As he drove past land belonging to William Carlson he came upon what appeared to be blood in the snow on the road. Burt

testified that he had driven past this same spot the preceding afternoon and at that time there had been no blood. Burt got out of his car and investigated. About 100 feet from the road he found the head and entrails of a Hereford cow. An ear tag on the head of the dead animal showed that it belonged to William Carlson. Burt drove to the Carlson place and notified him of the situation. Sometime later, and on the same day, William Carlson, George Paradis, Sheriff of Jefferson County, and Lawrence Johnston, State Stock Inspector, went to the place where the cow had been killed. On investigation they found an empty 30-06 cartridge, pieces of rope, two legs from the cow tied together with some rope, and the head and entrails of the dead animal. Carlson identified the animal as his and stated that he had not killed the animal nor given anyone permission to kill it.

Emil Guay, defendant here, Pat Lavelle, and Charles Born were arrested in connection with the killing and theft of Carlson's cow and an information was filed in the district court on February 4, 1959, charging that on or about January 26, 1959, in Jefferson County "the said Emil Guay, Pat Lavelle, and Charles Born, did, then and there, wilfully, unlawfully, and feloniously, and with intent to deprive the true owner of his property, steal, take, and carry away, and appropriate to their own use a Hereford cow, the personal property of another, to-wit, a Hereford cow, the property of William Carlson."

Shortly after his arrest Emil Guay made the following statement, which with the facts related above, constituted all the evidence in the case:

"I, Emil J. Guay, make the following free and voluntary statement to Lawrence Johnston, who has identified himself to me as a State Stock Inspector of the Silver Bow County, Montana, Sheriff's Office. He has advised me of my right to an attorney and that I do not have to make this statement and that any statement I do make may be used against me in a

court of law. No promise or threats have been made to me to induce me to make this statement.

"Me, Charlie and Pat went in the Elk Park Inn while Nancy waited in the car. We had several drinks and then took beer with us. I passed out in the back seat and never woke up until Pat shook me and said they had shot a farmer's cow. I wanted to leave it and get away from there, but as neither of them knew how, I went out and dressed the cow out. We then went to Butte and got my car and an axe and rope. At this point Nancy wanted to go home, but I insisted we didn't have any time to lose. We went back and loaded it in my car and took it to Butte in [sic] Charlie's garage. On the way we dropped Nancy off and then we skinned, quartered and hung it up. I went home to bed and later the next night they said they had cleaned the garage out. Pat and I then cleaned my car out and burned the rope and floor mat."

The court granted a motion for seperate trials and in defendant's trial the jury returned a verdict of guilty of grand larceny.

Section 94-2704, R.C.M.1947, defines grand larceny as follows:

"Grand larceny is larceny committed with a felonious intent in either of the following cases:

"1. When the property taken is of value exceeding fifty dollars.

"2. When the property taken is from the person of another.

"3. *When the property taken is a* stallion, mare, gelding, colt, foal, or filly, *cow,* steer, bull, stag, heifer, calf, mule, jack, jenny, goat, sheep, or hog. * * *" Emphasis supplied.

The State's charge was based on subdivision 3 of this section.

Defendant's specifications of error are predicated on the contention that he could not be convicted under subdivision 3 of

section 94-2704, R.C.M.1947, unless he killed the animal or took part in its killing.

In support of this contention defendant points out that this court in State v. Keeland, 39 Mont. 506, at page 512, 104 P. 513, at page 516, after mentioning the fact that subdivision 3 of section 94-2704 refers only to the stealing of live animals, stated:

"* * * The jury were therefore properly instructed that *they should return a verdict of acquittal, unless the evidence satisfied them beyond a reasonable doubt that the defendants killed, or took part in killing, the heifers in question, or one or more of them, with the intent to deprive* the true owner of his property." Emphasis supplied. This language, however, should not necessarily be taken to mean that in every case a person must have taken part in the killing of the animal in order to be guilty of grand larceny under subdivision 3 of section 94-2704. The true meaning of the above quotation from the Keeland case can only be ascertained by a perusal of the circumstances under which it was made.

In the Keeland case, two ranch hands were riding the range when they discovered some fresh beef concealed in the brush in a coulee. From the appearance of the surroundings it was apparent that the animals had been killed and dressed out at some other place. One of the ranch hands hid in some near-by brush while the other went for help. Sometime later defendants drove up the coulee in a lumber wagon. The defendants stopped at the place where the beef was concealed and after some conversation began to load the carcasses onto the wagon. Thereupon the ranch hand came out of his place of concealment and arrested them. Evidence was entered by the State tending to show that defendants had killed the animals in question, but defendants testified that they knew nothing of the animals, or the concealment of the beef in the coulee until they were arrested. If the jury believed defendants, or if they thought that defendants had found the dead animals and then formed an intent to steal them, then defendants could not be convicted

under subdivision 3 of section 94-2704. Under these circumstances the court's approval of an instruction telling the jury that they must return a verdict of acquittal unless they were satisfied beyond a reasonable doubt that defendants killed, or took part in killing the animals in question, is easily understandable.

Defendant also cites as authority for his contention 36 C.J., Larceny, § 244, p. 805. The author of the Corpus Juris article states:

"* * * So if one defendant kills an animal and another defendant who was not concerned in the killing then assists him to carry the carcass away, the second defendant can be convicted only of petit larceny unless the value of the dead animal exceeds the statutory amount." See also 52 C.J.S. Larceny § 62. In support of this proposition the case of People v. Smith, 112 Cal. 333, 44 P. 663, is cited. In that case the crime of larceny had been completed before the defendant assisted in carrying the carcass of the dead animal away, and for that reason the Smith case is not authority here.

Where one joins with a person, or persons in committing the crime of larceny and assists in the transporting and disposing of property which he knows to be stolen, he may be convicted of larceny. Good v. State, 21 Okl.Cr. 328, 207 P. 565, 29 A.L.R. 1029; Brown v. State, 7 Okl.Cr. 678, 126 P. 263. See also Annotation, 29 A.L.R. 1031. This is true even though the one assisting in the transporting and disposing of the stolen property was not in any manner connected with the initial taking of the property. Good v. State, supra, Brown v. State, supra. It should be noted, however, that if the crime of larceny has been completed, i. e., the taking and carrying away of the property has come to an end, then anyone subsequently assisting the thieves in the disposal of the stolen property would not be guilty of larceny. State v. Huskinson, 71 Idaho 82, 226 P.2d 779. This being so, it can easily be seen that the Smith case is not applicable in the present case.

The killing of the cow, in the instant case, was but one factor in the theft, and the crime of larceny was not complete at the time of the killing. 2 Wharton's Criminal Law and Procedure, (12th ed.) § 473, p. 117. Defendant's statement shows that he was aware of the fact that Lavelle and Born had shot the cow and were committing the crime of larceny. Knowing that fact he dressed out the animal and assisted them in hauling it to Butte. Under these circumstances, defendant was properly charged and convicted under subdivision 3 of section 94-2704, R.C.M.1947.

For the foregoing reasons the judgment of the district court is affirmed.

MR. JUSTICES ANGSTMAN, CASTLES and ADAIR concur.

MR. JUSTICE BOTTOMLY not participating.