### DICK MONTGOMERY v. STATE.

No. A-2700.    Opinion Filed July 21, 1917.

(166 Pac. 446.)

1. **APPEAL AND ERROR—Record—Incriminating Evidence—Documentary Evidence.** Where it is contended that the accused was compelled in violation of section 21, art. 2, Constitution, to give evidence which tended to incriminate him by reason of the production of the original copy of an alleged forged deed which formed the basis of the charge against him, pursuant to an order of court to produce same, it must affirmatively appear from the record that the accused himself was compelled to produce or give such evidence.

2. **SAME—Estoppel.** Where the accused takes the witness stand in his own behalf and testifies that he never had in his possession the original copy of the alleged forged deed, which had theretofore been produced, he will not be permitted in this court to assert a claim that he was compelled to produce it.

3. **CRIMINAL LAW—Incriminating Evidence—Personal Privilege.** Where defendant demanded a severance and was separately tried,

the production of an alleged forged deed by one of his co-defendants not upon trial was not in violation of the constitutional privilege (section 21, art. 2, Const.) of the defendant on trial not to be compelled to give evidence tending to incriminate him. The privilege of noncompulsion is a personal one.

4. **EVIDENCE—Other Offenses—Guilty Knowledge or Intent—Scheme or Plan.** Evidence of the forgery of another deed by the accused in connection with his co-defendants is admissible when it tends to prove some element of the one charged, as when it shows or tends to show guilty knowledge or intent in the commission of the offense charged, also when it tends to establish a single scheme or plan embracing the commission of two similar offenses so related to each other that proof of one tends to connect the defendant with the commission of the other.

*Appeal from District Court, Atoka County;*
*J. H. Linebaugh, Judge.*

Dick Montgomery was convicted of the crime of forgery, and he appeals. Judgment affirmed.

*Jones & McCasland* and *Utterback & MacDonald,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. Dick Montgomery, the plaintiff in error, was convicted in the district court of Atoka county of the crime of forgery, and was sentenced to serve a term of eight years in the state penitentiary. From this judgment of conviction he has appealed to this court, and relies upon two alleged errors which it is claimed are sufficient to reverse the judgment.

It appears that James and Oliver Boatright were Choctaw freedmen, and as such had been allotted certain lands in the Choctaw Nation. No patent to these lands had been issued to either of them. At about the inception of statehood, or a short time prior thereto, the said Boatrights had committed some offense and had be-

come fugitives from justice. This fact became generally known in the vicinity where they had selected allotments. It appears from the evidence that one C. A. Temple and this defendant, Dick Montgomery, conceived the idea of procuring a couple of other negroes to impersonate the Boatrights and have them make deeds to the said Temple and Montgomery to the lands theretofore selected by and allotted to the said Boatrights. In pursuance of this plan, a negro by the name of Edmund Gardner was obtained, and he, in turn, secured another negro by the name of Wm. Keel. These two negroes in turn respectively impersonated James Boatright and Oliver Boatright, and made deeds to the said Temple and Montgomery to such allotments. Gardner signed the name of James Boatright, and the deed was executed and acknowledged in Bryan county, Okla. A few days thereafter Keel signed the name of Oliver Boatright, and the deed was executed before a notary public in Tushka, Atoka county, Okla. It was for the latter forgery that this defendant was convicted.

It is contended, first, that the court erred in requiring this defendant to produce and deliver to the prosecuting attorney a certain deed which, it was alleged in the information, the defendant had forged. Concerning this assignment of error it is to be noted that the information charged this defendant jointly with C. A. Temple, Edmund Gardner, and Wm. Keel with the forgery of the deed in question. Some time prior to the calling of this case for trial the county attorney of Atoka county served notice upon counsel for all of these defendants to produce the original deed before the trial. In pursuance of this request, and because of the fact that said deed had not been produced, the attention of the

trial court was directed to said notice, and the following proceedings were had:

"Mr. Clark: We now request that if the defendant's counsel has the original deed in their possession, dated May 1, 1915, executed by one Oliver Boatright to C. A. Temple and D. Montgomery and acknowledged by Oliver Boatright before H. C. Collier on the 15th day of May, 1915, recorded on the 18th day of May, 1915, at 12 o'clock in Book 34 at page 75 of Deeds, being the following described land, to wit: The northeast quarter of the southeast quarter of section 7, township 4 south, and range 14 east, containing 40 acres, more or less.

"Mr. Utterback: The defendant objects to the request of the county attorney and moves the court to instruct the county attorney to not make that request, and especially not make it in the presence of the panel from which the jury will be selected to try this case, and the defendant now refuses to state whether or not he has said deed on the grounds that he cannot be requested to produce any evidence of any instrument whatever to be used as evidence in this case against him.

"The Court: The request at this time is not being made in the presence of the panel of the jury, but privately to the court. The court grants the request of the county attorney and directs the defendants or their attorneys to deliver possession of the instrument called for in the motion if they have it in their possession.

"Mr. Haile: And if they don't have it to so state.

"The Court: Well, if they have it—

"Mr. Utterback: The defendants except to this ruling of the court, and one of his counsel, who has the deed, presents it to the county attorney, in compliance with the order of the court, and only because of the order of the court. (Copy of this instrument at page 155.)"

Therafter a severance was demanded by this defendant, and a separate trial granted to him. During the

trial the state, over the objection of this defendant, introduced in evidence the original deed, which had been obtained pursuant to the order of court aforesaid, and it is contended that the defendant in this case was compelled to give evidence which tended to incriminate him in violation of section 21 of article 2 of the Constitution of this state. It will be seen from the foregoing proceedings that it does not appear from the record that this particular defendant was compelled to produce this deed or that he at any time ever had possession of it. One of counsel for defendants who had the deed presented it to the county attorney in compliance with the order of the court. It does not appear from the showing made that counsel obtained this deed from this defendant. The privilege being a personal one, the burden is upon this appellant to show that he himself was compelled to give or produce evidence which tended to incriminate him, and before this court may reverse a judgment of conviction upon this ground the record must affirmatively show that this defendant was compelled to produce incriminating evidence by reason of the order of the court aforesaid.

No such showing is made. On the contrary, it affirmatively appears from the record, from the testimony of this defendant himself, that he at no time had possession of the deed which was required to be produced. Under his own testimony, therefore, he could not have been compelled to produce this deed and was not compelled to do so. This court will not consider an assignment of error which is inconsistent with the truth. The fact that one of his codefendants may have been compelled to produce this deed cannot be claimed as a violation of this defendant's privilege against self-incrimina-

tion, because it is specifically provided by section 27 of article 2 of the Constitution that:

"Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation charged with an offense against the laws of the state, shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the state; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence."

The defendant exercised his privilege of becoming a witness in his own behalf, and upon his direct examination testified concerning this deed as follows:

"Q. Tell the jury whether or not, Mr. Montgomery, after that time, in Tushka, you ever had that deed in your possession? A. I never did. Q. Who had it recorded, if any one had it recorded? A. Temple. Q. Where was the next time you saw that deed from the time you saw it at Tushka? A. The next time I saw it he had it. Q. Who? A. Tom. Q. When was the next time you saw it, and who had it, if you ever saw it again? A. I don't know that I ever saw it again."

It is not necessary, therefore, for this court to pass upon the question of whether or not, had this defendant been compelled to produce this deed under the circumstances as disclosed by this record, it would have been a violation of section 2 of article 21 of our Constitution. It is only necessary to decide that the record does not support the contention that he was compelled to produce such deed or any other evidence which tended to incriminate him. The assignment of error, therefore, is without merit.

It is also contended that the court erred in admitting incompetent evidence prejudicial to this defendant over his objection and exception and motion to strike the same from the record. The evidence complained of concerns the transaction of the forgery of another deed committed prior to the time of the alleged forgery for which the defendant was tried. The evidence admitted disclosed that C. A., or Tom, Temple and this defendant, Montgomery, and Edmund Gardner had forged a deed to the allotment of James Boatright, a brother of Oliver Boatright, and had taken the train at Atoka, Okla., and gone to Durant, Okla., in which city such alleged forged deed was acknowledged before a notary public. Counsel for this defendant contend that these were separate and distinct transactions, each independent of the other, and were not so inseparably connected that the proof of one necessarily involved the proving of the other; that it was prejudicial error to admit this testimony, because it tended to prove the commission of another independent offense. This court has held in several cases that proof of such independent offense is inadmissible where the transactions are separate and distinct, but another rule of evidence is equally well established by the decisions of this court, to the effect that proof of independent crimes or offenses is admissible wherever it tends to show plan or system, motive, intent, or purpose to commit the offense charged, or where such evidence tends to establish the accused's guilty knowledge and intent of the offense charged.

The testimony of the codefendant Gardner indicates clearly that the forgery of both of these deeds of the Boatright brothers to their respective allotments was but the outcome of one plan or scheme; that they were so

connected with each other as to form an indivisible criminal transaction or continuous offense. In fact, they were but one criminal scheme. In Rice on Criminal Evidence, sec. 494, it is said:

"For the purpose of showing the prisoner's guilty knowledge in such cases, it has always been held competent to prove other forgeries"—citing *Mayer v. People,* 80 N. Y. 364, and *People v. Shulman,* 80 N. Y. 373, note.

In the case of *Carter v. State,* 6 Okla. Cr. 232, 118 Pac. 264, evidence of other separate and distinct embezzlements was admitted, and the court, as was done in this case, gave a separate instruction to the effect that such evidence was only to be considered by the jury as bearing upon the fact whether or not the defendant embezzled and fraudulently appropriated the specific amount alleged in the indictment, and at the time alleged in the indictment, and as tending to show the intent, if any, of the defendant in the commission of the offense alleged against him. In that case it was contended that the admission of such evidence and the giving of such an instruction was reversible error, but this court held to the contrary, holding that the instruction itself was favorable to the defendant, in that the trial court might have instructed that the jury could have considered such evidence if they believed it constituted a part of a plan or system of the defendant to embezzle, citing Wigmore on Evidence, vol. 1, sec. 329, and Ency. of Evidence, vol. 11, pp. 805, 806.

In the case of *State v. Rule,* 11 Okla. Cr. 237, 144 Pac. 807, this court held:

"As a general rule, evidence of other offenses, though of the same nature, is not admissible for the purpose of showing that the defendant is guilty of the particular

offense charged. To this rule, however, there are well-settled exceptions. Those applicable to the question presented on the record in this case are as follows:

"(a) Evidence of other offenses similar to that charged is relevant and admissible, when it tends to prove some element of the one charged, as when it shows or tends to show guilty knowledge or intent in the commission of the offense charged.

"(b) Evidence that tends directly to prove the defendant's guilt is not rendered inadmissible because it proves or tends to prove him guilty of another and distinct offense.

"(c) Evidence of a different offense from the one charged is admissible when both offenses are so closely linked or connected as to form a part of the *res gestae.*

"(d) Evidence of other offenses is competent to prove the specific offense charged when it tends to establish a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the offense charged.

"(e) In support of an information charging the filing of a false claim with intent to defraud the state, and that by such false pretense the defendant did obtain from the State Auditor a warrant for the amount of the claim, evidence is admissible of other instances when he did the same thing, as tending to show guilty knowledge or intent, and that the offense charged was a part of a plan or scheme to cheat and defraud the state."

But it is contended by counsel for the plaintiff in error that the testimony in this case is not admissible under the authority of the Rule Case. With this contention we cannot agree. The evidence of the forgery of the other deed in this case clearly tends to establish guilty knowledge and intent on the part of the defendant in the forgery of the deed charged in this case. It tends also to establish

that the forgery of both of these deeds was but a part of one criminal scheme to fraudulently obtain the apparent title to the allotments of both the Boatright brothers. It was but one plan to defraud. The evidence on the part of the state shows that the forgery of both of these deeds was talked about between Temple, Gardner, and Montgomery from the inception of the criminal scheme, and that it was understood between those parties that Gardner was to forge the name of James Boatright to the deed to James Boatright's allotment, and was to procure another negro to forge the name of Oliver Boatright to a deed to Oliver Boatright's allotment, and that in pursuance of such a plan and scheme these parties made various trips, one to Coalgate, Okla., for the purpose of procuring an acknowledgment of Wm. Keel to the deed to the Oliver Boatright allotment, one to Durant for the purpose of procuring an acknowledgment of Gardner to the deed to the James Boatright allotment, and one to Tushka, where the acknowledgment of Wm. Keel to the Oliver Boatright deed was finally obtained; that between these various trips these parties met and talked this matter over, and during all these conversations both transactions were mentioned and freely discussed. They were so inseparably linked that it would have been impossible to permit evidence of this transaction alone without the disclosure of evidence of the other. It is the opinion of the court, therefore, that evidence of the forgery of the James Boatright deed was so inseparably linked with the forgery of the Oliver Boatright deed that evidence of one could not have been admitted without disclosure of the other; that they formed but one criminal plan or scheme; that the evidence of the forgery of the James Boatright deed tended strongly to show guilty knowledge and intent on the part of this defendant

of the forgery of the deed charged in this indictment, to wit, the Oliver Boatright deed; that the evidence therefore was admissible under the rule established in the decisions of this court cited above; and that the trial court did not commit prejudicial error in admitting the same.

It is also contended that the court erred in allowing the defendants jointly charged in the information with the defendant on trial to testify as witnesses for the state without dismissal of the charge against such codefendants. Counsel have abandoned their position on this question in view of the fact that their contention received an adverse decision in the case of *Nettie Brown v. State*, 9 Okla. Cr. 382, 132 Pac. 359, wherein it was held:

"Where two or more persons are jointly indicted, the state may use one of such defendants either before or after conviction as a witness against the others without first dismissing the prosecution against such defendant so used as a witness."

After a full consideration of the record and the briefs of counsel it is the opinion of this court that the judgment of the trial court should be affirmed; and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.