## H. C. WORLEY v. STATE.

No. A-6642.  Opinion Filed March 16, 1929.
(275 Pac. 399.)

Pete Helton, Williams & Martin, and Arnold & Woodruff, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county of the crime of arson and sentenced to serve a term of one year in the state penitentiary.

On the 2d day of December, 1926, the defendant was called for trial in this case, and he thereupon entered a plea of former jeopardy, which plea was denied by the court and exceptions taken.

The facts as they appear in the record are that an information was filed against the defendant in the district court of Adair county, charging that the defendant did on or about the 7th day of December unlawfully, feloniously, willfully, and maliciously commit the crime of arson, by then and there in the city of Stilwell, county of Adair, willfully burn, injure, and destroy certain goods, wares, and merchandise in the store operated by said H. C. Worley, said store being operated in a certain building in said city known as the Jim Hill building, this cause being No. 646 in the district court of Adair county. On April 30, 1926, a jury found the defendant guilty and fixed his punishment at two years in the penitentiary. This case was appealed to this court and is now No. A-6421, 42 Okla. Cr. 243, 275 P. 398, which conviction has been affirmed by this court.

On the 19th day of February, 1926, an information was filed in the district court of Adair county charging the defendant, H. C. Worley, Luther Worley, and Hugh (Slim) Moore with the crime of destroying insured property which property was kept in the Jim Hill building in Stilwell,

Adair county, Okla. When this case was called for trial the defendant entered a plea of former conviction and former jeopardy alleging that the facts in this case are the same as in case No. 646 tried in this court; that the grounds in this case wherein he is charged with destroying one of the buildings for which he was convicted in case No. 646 are the same grounds and the act or acts constitute one and the same crime. The defendant introduced in evidence Exhibit A-1, being the information in case No. 646. The defendant introduced Exhibit A-2, being the verdict of the jury in case No. 646. The defendant introduced Exhibit A-3 being the judgment and sentence of the court in case No. 646.

Defendant's plea of former conviction and jeopardy was by the court overruled, and the defendant excepted. In the motion for new trial the defendant sets out as the first ground of error:

"The court erred in overruling and denying defendant's plea of former conviction and former jeopardy to which the defendant duly excepted at the time."

The defendant assigns, as his first ground of error in this court, the denying of the defendant's plea of former conviction and former jeopardy.

The Oklahoma Constitution, art. 2 (Bill of Rights), § 21, says:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

Our Procedure Criminal provides, section 2350, C. O. S. 1921:

"No person can be subjected to a second prosecution

for a public offense for which he has once been prosecuted and duly convicted or acquitted except as hereinafter provided for new trials."

Section 2626, C. O. S. 1921, provides:

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

It clearly appears from the record in this case and from the record in A-6421 that the charges arise out of the same transaction, act, or omission—namely, the unlawful burning on a certain day and at the same time of a frame building and personal property contained therein. The burning of the building and of property contained in the building on the same day and at the same time constitute only one act for which the defendant could be criminally prosecuted.

The court erred in overruling the defendant's plea of former conviction and former jeopardy. The cause is therefore reversed and remanded, with instructions to the court to dismiss the case.

EDWARDS, P. J., and DAVENPORT, J., concur.