## H. C. WORLEY v. STATE.

No. A-6421. Opinion Filed March 16, 1929.
(275 Pac. 398.)

Pete Helton, Arnold & Woodruff, and Williams & Martin, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county of the crime of arson and sentenced to serve a term of two years in the state penitentiary.

The information in this case was filed by the county attorney on February 19, 1926, and sufficiently charges the crime of arson. In the regular order of business this cause would have come on for trial at the March, 1926, term of the district court of Adair county. It was originally assigned for trial on March 15, 1926. On March 12th it was reset for trial on March 29th. On March 28th, defendant filed a motion for a continuance, and on that day the motion was presented to the court and the case merely passed and reset for trial on April 28th. On April 28th, defendant filed another motion for continuance, which was overruled, and the defendant was required to go to trial over his objection on that day.

The first ground of error alleged by the defendant is that the court erred in overruling defendant's motion for a continuance.

In the case of Johnson v. State, 1 Okla. Cr. 321, 97 P. 1059, 18 Ann. Cas. 300, this court held:

"When an application for a continuance is based upon the ground of want of time in which to prepare for trial, and it appears that the indictment against defendant has been pending for six or seven weeks during which time the defendant has been represented by counsel, the application is addressed to the sound discretion of the court, and his action is not subject to review, in the absence of a showing of abuse of this discretion."

Defendant was represented by able counsel, and he had ample time to prepare for trial. The record discloses that the case was well tried by defendant's counsel, and this court is of the opinion that no prejudicial error was committed by the court in refusing to grant the continuance.

The second assignment of error relied upon by defendant for a reversal of this judgment is: "The court erred in ordering and compelling the defendant to produce and submit certain insurance policies which were used as evidence on the part of the State in chief." This assignment of error is predicated on the following record:

"A. V. Dawson, a witness for the state, being duly sworn to tell the truth, the whole truth and nothing but the truth, thereupon testifies as follows, to wit:

"Direct examination:

"Mr. Corley: Q. Mr. Dawson did you have any business transactions with Mr. Worley some time before the 8th day of December? A. Yes, sir. Q. What is the nature of it? A. Well; I trade some with him. Q. I mean with reference to insurance? A. Yes; wrote him some insurance. Q. How much did you write him?

"Mr. Williams: Just a minute. We think the insurance policy would be the best evidence.

"Mr. Crowe: We state to the court that it is in the possession of the defendant or his attorney and we demand it and demand that it be offered in evidence.

"Mr. Helton: You have not served any notice or demand on us.

"Mr. Williams: We do not have it, I don't think, your honor, and Mr. Dawson keeps a complete record and we ask that it be offered in evidence. (Argument.)

"Mr. Williams: Q. Don't you make a record of every insurance policy you issue? A. Carbon copy of it. Q. Do you have that now? A. Yes, sir. Q. And you make another entry in a book showing the amount of the policy, who it is issued to, and when it expires and when issued, do you not? A. Well, not quite that complete, maybe. Q. But you have a record of it? A. Yes, sir.

"Mr. Crowe: Might I inquire of counsel and ask that they tell me whether they have the original policy?

"The Court: The original would be the best. If the defendant, or any of his counsel, have it we would like to have it produced here.

"Mr. Helton: I have not got it.

"Mr. Williams: I don't know anything about it.

"Mr. Woodruff: If the court please, if Judge Arnold has it we will produce it, if that is the order of the court. Judge Arnold just happened to step out while ago—Mr. Dawson has a duplicate. All we have is a copy of what he has. Our contention is that we inquire of this witness from that, to produce the best evidence they have got and it would not be anything else—and if we have anything else we will produce it. If I find we have it I will produce it, if that is the court's order."

It appears from this record that the defendant objected to the witness Dawson testifying from his records because the policy was the best evidence. The Attorney General, thinking the policy was in the possession of the defendant or his counsel, then demanded that they produce it.

Later this objection of the defendant was withdrawn, and the witness Dawson was permitted to introduce the duplicate of the policy in the possession of the witness

Dawson, together with the records covering the issuance of this policy, and the original policy was never produced by this defendant. It appears from the evidence offered later that the witness Hughes had been appointed receiver of the property and assets of the defendant and that these insurance policies were in the hands of such receiver. The state had a subpoena out for Hughes, and the court could have required him to produce the original policies. Pending the taking of the witness stand by Hughes, one of defendant's counsel got possession of the other insurance policy, which rightfully belonged in the possession of Hughes, the state's witness. When demand was made for the production of this policy, defendant's counsel objected to producing the policy except on the order of the court, and now predicate error in this case upon the order of the court with reference to the two policies.

On the first policy the demand for the policy was made by the defendant himself, who later took the stand and testified to the same facts in his own defense. In the matter of the second policy, defendant's counsel obtained posession of the policy from a witness subpoenaed by the state and are not now in a position to predicate error upon this.

In the case of Montgomery v. State, 13 Okla. Cr. 652, 166 P. 446, this court held:

"Where it is contended that the accused was compelled in violaton of section 21, art. 2, Constitution, to give evidence which tended to incriminate him by reason of the production of the original copy of an alleged forged deed which formed the basis of the charge against him, pursuant to an order of court to produce same, it must affirmatively appear from the record that the accused himself was compelled to produce or give such evidence. Where the accused takes the witness stand in his own behalf and testifies that he never had in his possession the original copy of the

alleged forged deed, which had theretofore been produced, he will not be permitted in this court to assert a claim that he was compelled to produce it."

It does not affirmatively appear from the record that the defendant himself was compelled to produce the policy or give such evidence. The defendant having taken the witness stand and testified that he did not have possession of the policy and did not produce the policy, he will not be permitted in this court to assert a claim that he was compelled to produce it.

The evidence is amply sufficient to support the verdict of the jury, and, no errors of law appearing on the record sufficient to justify a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.