Tommy Leroy SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13685.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1967.

## ON REHEARING

BUSSEY, Judge.

In the Second Petition for Rehearing, Plaintiff in Error, Tommy Leroy Smith, adopts all the assignments of error presented in his first Petition for Rehearing, which includes the assignment of error that:

"The Court in its opinion, in the eighth syllabus asserted that counsel for the Plaintiff-in-Error had made an improper interrogation, and thus opened an area of testimony in which it was decided that counsel would not be permitted to profit by an alleged and recognized error. On Page 10 of the court's opinion in this instant case the Court quotes from the testimony that was found on Page 81 of the case made, beginning with the question asked by the Assistant County Attorney:

'Q. Who offered you any money not to testify in this, Carol?'

The Court in its decision, overlooked that this question which they attribute to the Plaintiff-in-Error's counsel as having opened up the subject, was in direct response to the question and answer imme-

diately preceding it, likewise, on Page 81 of the case made, to-wit:

'Q. Carol, I will ask you if you have ever been offered not to testify in this case?

A. Yes, Sir, I have been.'

The Court erroneously misunderstood that the sole and only reason that counsel for Plaintiff-in-Error asked the question, to-wit: 'Q. Were you offered any money not to testify, Carol?' was because same was prompted by, and in response to the preceding questions asked by the Assistant County Attorney."

Appearing in the record at Page 81 of the case made the following questions were asked answers received:

"Q. [MR. SHAFFER] Carol, I believe Mr. Ward asked you if you had received, or been offered money to testify in this case.

A. I haven't. I have never even been offered any money.

Q. Carol, I will ask you if you have been offered not to testify in this case today?

A. Yes, sir, I have been."

We observe that when the question as asked by the County Attorney if Carol Baker had been offered any bribe not to testify, no objection was interposed by counsel for defense and that as reflected from the record counsel for defense did inquire further into this matter.

 We reiterate that the testimony of which Plaintiff in Error now complains was in direct response to a question propounded by him and under the authority set forth in our original opinion as well as the rule that when immaterial evidence is introduced by the State, this error is cured when counsel for defense cross-examines the witness on the same subject. See the first paragraph of the syllabus in the case of McKee v. State, 75 Okl.Cr. 390, 132 P.2d 173, and the last paragraph of the body of the opinion in Wright v. State, 77 Okl.Cr. 393, 142 P.2d 128.

 In his Second Petition for Rehearing, Plaintiff in Error raised the issue of newly discovered evidence and was permitted to produce the testimony of an insurance adjuster who testified that he talked to the State's principal witness, Dolly Young, some time after the alleged robbery and that she expressed the doubt that she could identify the robbers. Also submitted as newly discovered evidence is the testimony of Carol Jean Baker taken at the Tulsa County Courthouse on the 7th day of February, 1967, where in substance, she states that she was talking to the witness Dolly Young, in the courthouse the day before the trial when Dolly Young asked her to point out the defendant to her. We believe the State's brief adequately covers this question.

"We submit that the only proper manner for bringing the question of newly discovered evidence to this court is by way of petition for writ of error coram nobis and that this part of counsel's petition should be treated as such. But this court has stated precisely the station of such writ in the case of Talley v. State, Okl. Cr., 408 P.2d 346, wherein the second syllabus advises:

'The functions of a writ of error coram nobis are limited to an error of fact for which the statute provides no other remedy, which fact did not appear of record or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, unless he was prevented from so presenting them by duress, fear, or other sufficient cause.'

See also Hendricks v. State, Okl.Cr., 297 P.2d 576.

The State submits that had counsel known about this testimony at the time of trial the most he could have done would be to put said witnesses on the stand and let them testify to exactly what the one

witness testified to in the evidentiary hearing and what the other stated in her affidavit. Certainly this testimony alone would not have 'prevented the judgment,'. as per the language in the Talley and Hendricks. cases, supra, but would have gone only to the weight the jury might or might not give the testimony of Dolly Young."

We are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed as modified, and the Clerk of this Court is directed to issue the mandate forthwith.

BRETT, J., concurs.

NIX, P. J., not participating.