**Virgil WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–644.**

Court of Criminal Appeals of Oklahoma.

April 27, 1978.

Rehearing Denied May 8, 1978.

Hubert Hargrave, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Clifford E. Briery, II, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

Virgil Williams has appealed to this Court from his conviction in the District Court, Seminole County, of Lewd Molestation. He contends that the trial court committed error in the following particulars: First, that the information was duplicitous, charging more than one crime; second, that the information was not written in ordinary and concise language so that a person of ordinary understanding would know what was intended; and third, that the District Attorney should not have been allowed to dismiss the charge against the appellant as to one of the alleged victims at the close of the State's case. We affirm.

At the trial the State presented evidence that the appellant asked L. P., a 13-year-old boy, to help him paint his home. The boy's father agreed, and L. P. and the appellant went to the appellant's house. L. P. testified that when they entered the house the appellant grabbed him by the arm, shoved him into a chair, pulled his pants down and committed an act of fellatio. The boy further stated that the appellant gave him five dollars to come back at some later time and paint, and that the appellant threatened to cut his throat if he told anyone about the incident. The appellant and L. P. then left to pick up L. P.'s 11-year-old brother, H. P., and the three returned to the appellant's house where he offered H. P. two dollars to commit fellatio. But the boy refused.

The appellant denied the accusations. He testified that he had hired the two brothers to help him paint the inside of his home, even though he had only one pint of paint. He said, however, that no painting was done and that the boys watched television. According to the appellant, he paid L. P. five dollars after the boy promised to do some painting in the future.

■ As to the argument that the information was duplicitous, we note that no objection was raised until the day of the trial. The general rule is that a plea to an information waives all defects in the information except those which go to the jurisdiction of the court. *Wright v. State,* Okl. Cr., 505 P.2d 507 (1973). Since duplicity does not go to jurisdiction, the appellant, by pleading not guilty, waived his objection. Compare *Fish v. State,* Okl.Cr., 505 P.2d 490 (1973), in which we held that if one wishes to demur to the information after a plea to the merits has been entered, one must first move to withdraw the plea. This the appellant did not do, and the trial court was correct in overruling the demurrer.

■ The appellant's second assignment of error is based on the allegation in the information that he committed an act of fellatio upon L. P. One of the requirements of an information is that it must contain a "statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Title 22 O.S.1971, § 401. The appellant contends that the use of the term "fellatio" was not couched in ordinary and concise language so as to enable a person of ordinary understanding to know what was intended. However, as we have previously stated, the tests of an information are whether a defendant was in fact misled by the information, and whether conviction under the information could expose the defendant to a possibility of subsequently being put in jeopardy a second time for the same offense. *Groom v. State,* Okl. Cr., 419 P.2d 286 (1966).

■ Using these two tests, we are of the opinion that the appellant's assignment of error is without merit. His argument stems from the fact that he had to go the dictionary to determine the meaning of "fellatio"; but this alone does not mean that the term is outside the scope of "ordinary and concise language." The appellant did the very thing that a person of common understanding would do when faced with a word of unknown meaning. If the word had been in a foreign language or could be found only in a rare technical dictionary then the information might have been insufficient. In the instant case, however, the appellant could—and did—easily determine the meaning of the term. When considered in this light, we hold that the information clearly and sufficiently put the appellant on notice of the crime with which he was charged. This assignment of error is without merit.

■ Finally, the appellant complains that the trial court improperly allowed the State to amend the information at the close of the State's evidence. Title 22 O.S.1971, § 304, provides that an information may be amended on the order of the trial court after a defendant has pled, if the amendment can be made without material prejudice to the defendant. The question, therefore, is whether or not the appellant suffered any material prejudice. Although the information charged the appellant with

committing fellatio on both L. P. and H. P., at the close of the State's evidence it was clear that he had not committed the act with H. P., but had only offered the boy money to do so. For that reason the State moved, and the trial court ordered, that the boy, H. P., be stricken from the information. We do not believe that the appellant can be said to have been prejudiced. The evidence showed that he did not commit one of the acts with which he was charged, and it was proper to delete from the information the allegation that H. P. had been a victim.

For the above and foregoing reasons, the judgment and sentence of the court below is *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.