Verdell MILLER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–381.

Court of Criminal Appeals of Oklahoma.

May 26, 1981.

D. D. Hayes, Bonds, Matthews, Bonds & Hayes, Muskogee, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Verdell Miller, was charged, tried by jury and convicted of Rape in the First Degree, After Former Conviction of Felony, in Muskogee County District Court Case No. CFR–78–245, and sentenced to sixty (60) years' imprisonment. The charge arose from the repeated rape and sodomizing of a Muskogee woman by armed intruders in her home during the early morning hours of July 8, 1978. A timely appeal has been perfected to this Court.

As his first assignment of error, appellant urges that other crimes evidence was improperly received at trial. The State introduced evidence tying appellant to the

possession and sale of a television set and stereo, and the possession of a Buick automobile, stolen from prosecutrix by the intruders following the rapes. Evidence of crimes other than that charged may be admissible to prove the identity of the perpetrator. See 12 O.S.Supp.1980, § 2404(B) and *Burks v. State*, 594 P.2d 771 (Okl.Cr. 1979). Since under the State's evidence, the rapists were responsible for the thefts, evidence that appellant was involved in the thefts tends to establish his identity as one of the rapists. It tended to corroborate the testimony of the prosecutrix identifying appellant as one of her attackers. Moreover, this evidence was received without objection. The first assignment of error is without merit.

■ As a second assignment of error, appellant contends that there was insufficient evidence of penetration. This argument is without merit. The following testimony by prosecutrix appears in the record:

A. They, they cut my legs loose and turned me over and they, Horton raped me and then Miller.

Q. I have to ask you if during the sexual intercourse, if the defendant Miller achieved penetration?

A. Yes, sir. [Tr. 138].

We are of the opinion that this testimony was clearly sufficient on this point. The contention that the State must elicit in so many words testimony that the male organ entered to some extent the female organ is not persuasive. Compare *Meeks v. State*, 540 P.2d 584 (Okl.Cr.1975). The second assignment of error is without merit.

■ As his third and final assignment of error, appellant contends that the state used a prior conviction void under *Edwards v. State*, 591 P.2d 313 (Okl.Cr.1979) to support the habitual offender charge. However, the record reveals that no objection was interposed to the conviction at trial. Moreover, this conviction was one of six prior felony convictions alleged on the second page of the Information; its use would be at most harmless error. See, Id., 591 P.2d at 323, Note 21. Finally, even if appellant was deprived of a certification determination, he would not be entitled to relief without more, to wit, a showing of some reason for believing the juvenile court would have refused to certify him, followed by an evidentiary hearing on the issue. *Edwards* requires that this challenge be by post conviction application in the sentencing court, in the absence of which we are of the view that the conviction is merely voidable and available for enhancement purposes. The third assignment of error is without merit.

There appearing no error in the record which would warrant modification or reversal, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and CORNISH, J., concur.