Tony Ray **TART**, Appellant,

v.

The **STATE of Oklahoma**, Appellee.

No. F-80-317.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1981.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Tony Ray Tart was convicted of Burglary in the First Degree, After Former Conviction of a Felony.

The crucial issue raised by the appellant is alleged prosecutorial misconduct. The cornerstone of American jurisprudence is the right to be afforded a fair and impartial trial. This right becomes meaningless if the State is allowed to make inflammatory and prejudicial arguments. Prosecutorial comments should be confined to the evidence presented at trial and any reasonable inferences that can be fairly drawn there-

from. This standard allows the prosecutor wide latitude in presenting his case with force and vigor.

■ The closing argument, in this case, represents the epitome of prosecutorial misconduct. An objection and a request to admonish the jury to disregard the inflammatory and prejudicial language must be made at trial before this Court will review alleged improper comments. However, as in this case, where the defendant is denied a fair trial as a result of the prosecutor's argument it is our duty to afford him a new trial. *Cobbs v. State*, 629 P.2d 368 (Okl.Cr. 1981).

■ The prosecutor is forbidden from giving his personal opinion of the defendant's guilt. *Neal v. State*, 597 P.2d 334 (Okl.Cr.1979). Personal opinions of a defendant's guilt may also be violative of the Oklahoma Code of Professional Responsibility. Disciplinary Rule, 7–106(C) of the Oklahoma Code of Professional Responsibility, 5 O.S.1971, Ch. 1, App. 3, mandates:

> (C) In appearing in his professional capacity before a tribunal, a lawyer shall not:
>
>    *    *    *    *    *    *
>
> (4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.
>
>    *    *    *    *    *    *
>
> (6) Engage in undignified or discourteous conduct which is degrading to a tribunal.
>
> (7) Intentionally or habitually violate any established rule of procedure or of evidence.

■ Tulsa County Assistant District Attorney Mr. Truster propounded several comments about the defendant's guilt. The following are examples:

> "... And furthermore, Mr. Tony Ray Tart, you are guilty under the evidence and under the law ..." (Tr.365).

"... And, you know, the great danger in our society has been said not today—or not as it used to be, that a danger would exist that an innocent person would be convicted, but, rather, Mr. Buckwald (sic) has put it that the real danger in our society today is not that situation would occur, but, rather, that a guilty man should be set free ..." (Tr.389)

The prosecutor also made several unconscienable misrepresentations of the law. We find the following most notable:

> "... I'm tickled to death that this case did involve some physical evidence of fingerprints. That in and of itself alone, from what you have heard, would be sufficient for a conviction." (Tr.387).

> "... The habitual offender who is before you today. And I submit to you that that's what this case is about. The amount of punishment. The amount of punishment, *not the guilt of the defendant or the innocence* of the defendant. The real issue, based on the law and the evidence: how much time for this man, for this intruder. (Tr.366 emphasis added).

When the question in a criminal proceeding is not the guilt or innocence of the defendant, but only how much time the defendant must serve, then our constitutional rights become meaningless; and liberty vanishes.

The prosecutor's comments taken as a whole also contravene Chapter 3–5.8 of the American Bar Association Standards for Criminal Justice, relating to permissible jury argument. The ABA standards provide:

> (a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

> (b) It is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence of the guilt of the defendant.

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predications of the consequences of the jury's verdict.

(e) It is the responsibility of the court to ensure that final argument to the jury is kept within proper, accepted bounds.

The evidence in this case is not overwhelming. The jury could have given great weight to Mr. Truster's improper editorial comments. We find the comments to require reversal. The judgment and sentence is REVERSED and REMANDED FOR NEW TRIAL.

BRETT, P. J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

While I cannot condone the comments of the prosecutor that are complained of, I must respectfully dissent to the majority opinion. Most of the remarks made in closing argument that are now complained of were not objected to at trial and therefore, they are not properly preserved for review on appeal. The closing argument to which objection was interposed and overruled was not, in my opinion, so prejudicial as to require reversal.