**Roger Owen ABBOTT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–415.**

Court of Criminal Appeals of Oklahoma.

April 12, 1983.

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellee.

Jan Eric Cartwright, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Roger Owen Abbott, was convicted of Unlawful Delivery of a Controlled Drug, in Canadian County District Court, Case No. CRF–81–166, was sentenced to five (5) years' imprisonment and a fine of one-thousand dollars ($1,000), and he appeals.

### I.

In his first assignment of error, the appellant contends that the testimony of the arresting officer, Michael Thompson, regarding the process utilized to dilute methamphetamine for sale to others was evidence of other crimes, in violation of *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979), and thus, his conviction should be reversed and the case remanded for a new trial.

■ The general language utilized in the appellant's motion for new trial is insufficient to place the trial judge on notice of the error now complained of, and failed to allow him an opportunity to cure the alleged error; thus, this assignment of error has not been properly preserved for review on appeal. See, *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982), and cases cited therein. Furthermore, the extensive cross-examination by defense counsel in this area went far beyond that of the prosecution, and as we stated in *Smith v. State,* 431 P.2d 949 (Okl.Cr.1967), "[W]hen immaterial evidence is introduced by the State, this error is cured when counsel for defense cross-examines the witness on the same subject."

### II.

■ In another assignment of error, the appellant alleges that prosecutorial misconduct occurred during the closing argument to the jury. Abbott argues that the prosecutorial comments were identical to those which resulted in a reversal of the trial court in *Tart v. State,* 634 P.2d 750 (Okl.Cr. 1981). We do not agree. The record reflects that after the State had presented its evidence and rested, the appellant declined to put on any evidence whatsoever and likewise rested. Thereupon, the jury instructions were finalized, and, due to the lateness of the hour, the jury was asked if they would prefer to conclude the case that day or wait and finish it the next morning. The jury replied that it was tied at six and six; the trial court then conferred with the trial counsels and it was decided that the proceedings should continue forthwith. Thus, the prosecutor, in an apparent effort to be very brief in his closing, made several comments to the effect that under the evidence presented in the case the major problem he foresaw dealt with punishment. We have reviewed the closing comments and find that they were not made in an effort to inflame the jury, nor do they rise to the level of those condemned in *Tart,* supra; they are not so grossly improper as to have deprived the appellant of a fair and impartial trial, and do not require reversal or modification of the judgment or the sentence imposed.

### III.

■ Next, the appellant contends that the trial court erred by refusing to give his

requested instruction on the defense of entrapment. After thoroughly reviewing the record before us, we find that the trial court was correct in refusing to give the requested instruction because the issue of entrapment was not raised at trial. The mere fact that the defense attorney propounded questions concerning entrapment during cross-examination is by itself insufficient to establish the necessary factual and concrete evidentiary disagreement which requires a jury instruction on entrapment. Apart from the line of cross-examination, no evidence was presented which indicates the possibility of entrapment, and the trial court was not mandated to instruct the jury regarding said defense. See, *Johnson v. State,* 625 P.2d 1270 (Okl.Cr.1981), and cases cited therein. This assignment of error is without merit.

### IV.

In his final assignment of error, the appellant alleges that the accumulation of errors require reversal of his conviction. This argument is without merit. See, *Brinlee v. State,* 543 P.2d 744 (Okl.Cr.1975).

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurs.

I concur that this conviction should be affirmed. I offer two comments. First, the defense of entrapment was clearly not established. Therefore, the instruction was not required. And, even though the closing arguments of the prosecutor did not cause an excessive punishment, he treaded upon very thin ice. The prosecutor's closing argument was primarily directed toward punishment. While it was not as flagrant as that reflected in *Tart v. State,* 634 P.2d 750 (Okl.Cr.1981), had appellant been given the maximum punishment modification would probably be warranted because of the closing argument. In the instant case however, the punishment was not excessive and it becomes apparent that the jury was not overly influenced by the nature of the closing argument. Prosecutors should be reminded that the initial question concerns the innocence or guilt of the accused. The extent of punishment should be argued, in a one stage trial, after argument concerning the guilt of the accused is completed. See, *Tart,* supra.