**Victor Lee HUDDLESTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–264.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1985.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Victor Lee Huddleston was charged in separate counts with Rape in the First Degree in violation of 21 O.S.1981, § 1114, and two counts of Oral Sodomy in violation of 21 O.S.1981, § 866, in Tulsa County District Court, Case No. CRF–82–460. The jury returned verdicts of guilty on all three counts and set punishment at 10 years imprisonment for rape and at nine years imprisonment on each count of oral sodomy. We affirm each judgment and sentence.

In 1981, the appellant and his wife divorced, and appellant's wife obtained custody of their nine-year-old daughter, N., and their six-year-old son, J.

On December 25, 1981, appellant brought the children to his sister's home in Broken Arrow, where he was living. Appellant intended for the children to stay with him over the Christmas holidays. That night appellant engaged in sexual intercourse with N. According to N.'s testimony at trial, this occurred each night of her visit.

N. also testified concerning two other sexual encounters with her father, once in the bedroom and once in the bathtub as they bathed together. She also described two incidents in which appellant engaged in oral sodomy with her.

The children returned to their mother's home on December 31, 1981, cutting short their visit with appellant when N. said she did not feel well. Sometime later, N.'s mother noticed a discharge in N.'s underwear. N. was taken to Claremore Indian Hospital, where physicians determined she was suffering from gonorrhea of the vagina, rectum and throat. N. eventually told her mother and the doctors what had occurred, and her mother contacted the authorities.

Appellant was arrested on February 3, 1982 and made a tape recorded statement recounting his sexual encounters with N.

Appellant contended at trial that the statement had been given under duress and threats from police. He also claimed that he requested an attorney, although this was catagorically denied by police. At trial he admitted one incident of oral sodomy with his daughter.

### I.

█ In his first assignment of error, the appellant argues the trial court erred when it ruled his confession was voluntary. Appellant testified at an in-camera hearing that one officer struck him on the shoulder while another yelled at him. The officers involved in the interrogation denied appellant was struck at any time, although they admitted he was yelled at once by one of the officers. They further testified appel-

lant was somewhat upset and tearful during questioning.

We have continually held that the credibility of witnesses and the weight given their testimony is within the exclusive province of the trier of fact, who may believe or disbelieve the witnesses as it desires. *See Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980); *Smith v. State*, 594 P.2d 784 (Okl.Cr.1979). In this case it is clear the trial judge, as the initial trier of fact for this issue, chose to believe the officers' version of events rather than appellant's.

Although the police testified that appellant was distressed when he gave his confession, we have previously held this alone does not render a confession involuntary. *Seth v. State*, 647 P.2d 452 (Okl.Cr.1982). Furthermore, the fact a single officer raised his voice at appellant, and that appellant did not sign the right's waiver form, does not, in and of itself, lead to the conclusion the confession was involuntary. There is sufficient evidence in the record to conclude the confession was knowingly, voluntarily and intelligently given. *Smith v. State*, 674 P.2d 569 (Okl.Cr.1984). We reject this assignment of error.

### II.

■ Next, appellant contends he was denied a fair and impartial trial by the joinder of separate crimes into one information. He claims the joinder was improper and prejudicial.

Our examination of the record reveals appellant entered a plea of not guilty during arraignment to all counts. We have held that "[t]he general rule is that a plea to an information waives all defects in the information except those which go to the jurisdiction of the court." *Williams v. State*, 579 P.2d 194, 195 (Okl.Cr.1978). Ac-

cord *Wright v. State*, 505 P.2d 507 (Okl.Cr. 1973). We do not believe that misjoinder goes to the jurisdiction of the Court, and the appellant has waived this issue by entering a plea.

### III.

Appellant asserts as his third assignment of error that the trial court improperly introduced evidence of other crimes. This evidence consisted of N.'s testimony that appellant raped her two other times on the Christmas visit, and testimony regarding a molestation of N. by appellant in September or October, 1981.

■ Although appellant objected to evidence of the prior molestation, he failed to object to evidence of the other incidents of rape. Thus, he has waived any error regarding admission of evidence concerning the rapes. *Ake v. State*, 663 P.2d 1 (Okl. Cr.1983), *cert. granted* on other grounds, — U.S. ——, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984).

In a related argument concerning these uncharged rapes, appellant contends error occurred when the State failed to elect which rape it would rely upon for conviction, and when the trial court failed to make such an election in instructions to the jury.

■ We agree with appellant that election of offenses is a general rule in this State. *See Cody v. State*, 361 P.2d 307 (Okl.Cr.1961).[1] However, in *McManus v. State*, 50 Okl.Cr. 354, 297 P. 830 (1931), we announced that election is not required when the separate acts are treated as one transaction. *Accord Scott v. State*, 668 P.2d 339 (Okl.Cr.1983). We hold that when a child of tender years is under the exclusive domination of one parent for a definite

---

1. Our Syllabus in *Cody v. State* reports:

    14. Whenever two or more separate and distinct acts of sexual intercourse have been proven to any degree there must be an election as to which act the State relies upon for conviction. If no motion is made to require the state to elect, the trial court, of its own motion should require the prosecution to elect upon which of said acts it will rely, or should treat the act of which the state first introduced evidence which tended in any degree to prove the offense as an election. The trial court should then, by proper instruction, limit the jury to a consideration of such particular act as a basis for conviction and limit the consideration of other acts as corroboration and as showing the relation of the parties.

and certain period of time and submits to sexual acts at that parent's demand, the separate acts of abuse become one transaction within the meaning of this rule. We accordingly reject this argument.

■ Turning to the evidence of the prior molestation, we find this evidence was properly admitted. The State argued at trial that this evidence showed a "common scheme or plan", and thus fell within the exception to our rule barring evidence of other crimes. 12 O.S.1981, § 2404B; *Atnip v. State*, 564 P.2d 660 (Okl.Cr.1977). We believe that under the circumstances of this case, the rape of N. at Christmas was the culmination of the September-October incident. The prior incident involved fondling of N., and appellant learned that N. would not tell her mother if appellant asked her to remain silent. Under these circumstances, we find that this evidence "tends to support the conclusion that there was a plan or system which embraced that and the crime for which [appellant was] charged", in that "the [prior] crime [was] committed to prepare the way for another and the commission of the second crime [was] made to depend on the first." *Roulston v. State*, 307 P.2d 861, 869 (Okl.Cr. 1957).

We further find no error in the instructions of the Court in this regard, and also note that appellant offered no requested instructions of his own. *See Wade v. State*, 624 P.2d 86 (Okl.Cr.1981).

### IV.

■ In his fourth assignment of error, appellant argues the verdict is contrary to law because the evidence failed to establish the element of penetration necessary to the offense of rape.

Title 21 O.S.1981, § 1113, states that, "any sexual penetration, however slight, is sufficient to complete the crime [of rape]." Although N. did not relate in graphic terms the exact manner in which appellant accomplished penetration, her explanation was sufficient to show some penetration. *See Miller v. State*, 629 P.2d 370 (Okl.Cr.1981). This assignment of error is without merit.

### V.

Finally, appellant asserts that improper comments by the prosecutor denied him a fair and impartial trial. Appellant attacks two statements made by the prosecutor, both during voir dire.

■ First, appellant contends the prosecutor treated the assessment of punishment as the primary jury question rather than the determination of guilt or innocence. This alleged error occurred when the panel was asked, first, if they would return a verdict of guilty based on proof beyond a reasonable doubt and, second, if they could then assess punishment of 100 years imprisonment.

To support this contention, appellant cites *Tart v. State*, 634 P.2d 750 (Okl.Cr. 1981), and *Abbott v. State*, 661 P.2d 914, 916 (Okl.Cr.1983) (Brett, J., specially concurring). In *Tart*, the prosecutor stated the real issue was the amount of punishment, and in *Abbott*, the comment was that the major problem foreseen by the prosecutor was punishment. The prosecutor here did not emphasize the assessment of punishment over determination of guilt or innocence. While discussion of a specific term of punishment is inappropriate during voir dire, we do not find prejudice where the jury imposed a relatively light sentence for appellant's rape of his own daughter especially shocking and atrocious crime. We also note the jury failed to impose the maximum punishment for sodomy.

■ Second, appellant claims the prosecutor attempted to define the term "beyond a reasonable doubt" during the voir dire. The comment complained of is:

Q. Well, I couldn't ask you to. You understand that our burden is beyond a reasonable doubt, not beyond any doubt or beyond a shadow of a doubt, but beyond a reasonable doubt?

This is not intended to help someone that is, in fact, guilty, it's not set up as a way to allow a guilty person to escape, do you understand that?

The record reveals that the trial court sustained the appellant's objection to this comment and admonished the jury to disregard it. We believe this cured any error which occurred. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

Accordingly, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, P.J., specially concurring.

PARKS, Judge, special concurrence:

I agree with the holding in this case. I want to express my concurrence in Judge Brett's holding on the election issue and other crimes evidence. It is common knowledge that parent figures can and do exert great pressure on children to do or not to do certain things. This control or dominance prevents the revelation of abuse and molestation either by threat or embarrassment.

The continuing presence of the domination by the appellant in this case was the deciding factor in determining if the evidence of the prior act should have been allowed to come in at trial.[1] The application of the exception to the evidence of other crimes rule allowed corroboration of the victim's testimony by showing that there was in fact a pattern of abuse leading to the ultimate act of rape.

Authority figures, especially parents, can exert pressure that has a lingering effect upon a child of tender years. That type of control can last long enough to hide abuse and molestation for long period of time and also perpetuate a series of abuses. This exception to the general rule will allow in evidence of this type of activity to compensate for this unique characteristic of child and parent figure relationships. It is a bold step in view of the increasing number of these cases in the courts today.

**1.** The *Roulston* case cited by Judge Brett succiently states the law to be applied in these