Elmer FABIAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–83–603.

Court of Criminal Appeals of Oklahoma.

June 20, 1986.

Virginia Henson, Henson, Laster and Henson, Shawnee, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Elmer Fabian, was convicted by a jury in Pottawatomie County, Case No. CRM–83–198 of the misdemeanor of Postponement of Payment Due for Labor, 21 O.S.1981, § 1627. He was sentenced to serve six (6) months in the County jail and pay a $500 fine. He appeals; we affirm his conviction and sentence.

Appellant is the owner and operator of Water Refining Equipment Co., a domestic water treatment equipment company at Shawnee. The equipment is sold by telephone and home solicitation. Richard Walker, the prosecuting witness, was hired by appellant as a salesman. Walker indisputably earned a commission of $225, which appellant paid by check. The Bank dishonored the check because of insufficient funds. Walker presented the check to the Bank for payment shortly after he received it. Walker personally took the returned check to appellant for payment but he was unsuccessful in collecting. Appellant's defense was a claim there was sufficient funds in the Bank the day he issued the check. He also claims he gave Walker cash for the check when he presented it to him and that Walker subsequently stole the check out of his files.

■ Appellant's first assignment of error is an objection to the admission of "prejudicial, irrelevant and inflammatory" evidence. The evidence in question consisted of sales training material and testimony regarding appellant's sales tactics. The judge was in error in overruling the objections to this testimony, although not because it was prejudicial or inflammatory but because it was irrelevant and a waste of time. 12 O.S.1981, §§ 2401, 2402. Appellant, however, through his own witnesses and through cross-examination of the State's witnesses further developed the issues that he had objected to on direct examination. He went further into how he operated his business, his relationship with his other employees and his financial backing. In *Allen v. State*, 611 P.2d 254 (Okl. Cr.1980) quoting *Smith v. State*, 431 P.2d 949 (Okl.Cr.1967) this Court stated, "When immaterial evidence is introduced by the State, this error is cured when counsel for the defense cross-examines the witness on the same subject." If it was irrelevant then appellant should have dropped the subject and certainly if he thought it was prejudicial he should not have reemphasized it by bringing it up again on cross-examination. *Abbott v. State*, 661 P.2d 914 (Okl.Cr.1983).

■ Appellant's second proposition is an objection to the court's refusal to allow appellant's bank statement in evidence. The bank statement was incomplete; defense counsel had deliberately cut part of it off. Counsel stated, "[I]f I had brought the full bank statement in it would have been objectionable as contaminated." The court properly exercised its discretion in refusing to admit this evidence. *Ozbun v. State*, 659 P.2d 954 (Okl.Cr.1983). Appellant offered no authority for this proposition and considering it is not a fundamental error, it is not properly before this Court for review. *Hancock v. State*, 664 P.2d 1039, 1041 (Okl.Cr.1983); *Ozbun*, 659 P.2d at 958.

■ Appellant's final assignment of error is an objection to the court's allowing the State's request to endorse two additional witnesses on the first day of trial. 22

O.S.1981, § 303. The appellant claims he objected but the record does not show an objection or a request for a continuance. It does show appellant announced ready and the trial proceeded. *Myers v. State*, 654 P.2d 1073 (Okl.Cr.1982). This was a proper exercise of judicial discretion particularly in light of appellant's failure to adequately preserve his objection. *Stilwell v. State*, 559 P.2d 1263 (Okl.Cr.1977).

After consideration of all of appellant's objections this Court finds no reversible error, therefore the Judgment and Sentence is AFFIRMED.

PARKS, P.J., specially concurs.

BUSSEY, J., concurs.

PARKS, Presiding Judge, specially concurring:

I agree with my brethren that the judgment and sentence in this case must be affirmed; however, I write separately to comment on the Court's use of the rule that "when immaterial evidence is introduced by the State, this error is *cured* when counsel for the defense cross-examines the witness on the same subject." *Allen v. State*, supra. (emphasis added). The original intent of this rule was to declare that immaterial evidence first introduced by the State might be rendered "harmless" if reemphasized or introduced by the defense. *McKee v. State*, 75 Okl.Cr. 390, 132 P.2d 173 (1942). In *McKee*, and in those cases preceeding *McKee* in which the rule was applied, the defendant or his counsel admitted the validity of the immaterial evidence, thus rendering it harmless. *See Montgomery v. State*, 13 Okl.Cr. 652, 166 P. 446 (1917); and *Worley v. State*, 42 Okl.Cr. 243, 275 P. 398 (1929). Our holding today, I believe, falls within the strictures of the *McKee* rule.

Nevertheless, the use of the word "cured" in the *Allen* opinion, and our reliance on that case, is unfortunate and potentially dangerous. To say that the improper admission of highly prejudicial evidence is "cured" if made the subject of cross-examination, could be read by some as meaning that the error is somehow waived. Such a reading would place defense counsel at trial in an intolerable situation. For example, a cross-examine concerning evidence that is entirely improper and prejudicial, in an attempt to soften the impact of the evidence, would waive the issue on appeal. However, a failure to cross-examine on this subject, and thus fail to lessen the effect of the impropriety on the mind of the jury, could result in a conviction curable only by appeal. I do not believe this Court, despite the unfortunate use of the word "cured", ever intended to place an accused in this situation, and the *Allen* opinion should not be so construed.