Thomas Curtis TRUELOVE,
Appellant,

v.

The STATE of Oklahoma,
Appellee.

No. F–75–790.

Court of Criminal Appeals of Oklahoma.

March 31, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Thomas Curtis Truelove, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–591, for the offense of Concealing Stolen Property in violation of 21 O.S.1971, § 1713. Pursuant thereto his punishment was fixed at a term of eighteen (18) months' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Testimony adduced at trial revealed that Donald W. Mount resided at 3427 S.W. 31st Street in Oklahoma City and that on the morning of January 23, 1975, his residence was burglarized. In the burglary several articles were apparently taken which included a .30–.30 rifle and thereafter identified in court, by serial number, that rifle. Lee Cogburn testified that he managed a pawn shop in Oklahoma City and that on the 20th day of January, 1975, the defendant pawned a rifle, which he identified in court by the serial number, for $25.00. Jimmy Yandell testified that he was employed by the Oklahoma City Police Department and that on the 12th of February, 1975, he talked to the defendant and at that time the defendant told him that he had obtained the gun from someone named Bruce who drove a Mustang. Yandell stated that while at the police station he advised defendant of the Miranda warning and thereafter defendant admitted he had pawned the gun at the request of his younger brother. Officer Yandell testified that he tried to locate defendant's brother without success. Thereafter the State rested.

The defendant took the stand and testified in his own behalf and stated that approximately three or four days before he pawned the rifle he had obtained it from a person named Bruce whose last name he did not know. He testified that he had paid $40.00 for the gun and that he had no reason to believe that Bruce did not own it, or that the gun was stolen.

The defendant first argues that the evidence is insufficient to support the verdict of guilt. The evidence at trial unequivocally revealed defendant pawned a rifle which was conclusively identified as being an article taken in a burglary on February 23, 1975. Officer Yandell testified that defendant had told him he had pawned the gun at the request of defendant's younger brother, but at trial the defendant testified that he had obtained the rifle from a person named Bruce, whose last name he did not know. The record reveals sufficient evidence from which the jury could reasonably conclude that the defendant was guilty as charged. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State,* Okl.Cr., 468 P.2d 805 (1970). For this reason this Court has no authority to invade the province of the trier of fact and make a determination of guilt or innocence. We therefore find this assignment of error to be without merit.

Defendant's final assignment of error asserts the punishment imposed is excessive. We need only observe that the punishment was within the range provided by law and under the particular facts and circumstances of this case the punishment does not shock the conscience of this

Court. See, *Turner v. State,* Okl.Cr., 479 P.2d 631 (1971).

In conclusion, we observe the record is free of any error within the scope of the contentions now raised by defendant which would justify modification or reversal. Thus, the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

BRETT, P. J., and BUSSEY, J., concur.