William Warren LITTLE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–55.

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, William Warren Little, was convicted in the District Court of Oklahoma County, Case No. CRF–82–6126, of Second Degree Rape and two counts of Sodomy for which he received sentences of fifteen years', ten years', and ten years' imprisonment, respectively, to run consecutively, and he appeals raising five assignments of error.

The prosecutrix, the appellant's younger stepdaughter, testified that while her mother was confined to a hospital, the appellant, on November 23, 24, and 25, 1982, engaged with her in sexual intercourse and oral copulation at their home in Oklahoma City. At the time of these acts she was fifteen years old. She further testified that since age eleven she had been sexually abused by the appellant.

Her twenty year old sister testified that she had also been sexually abused by the appellant from age fourteen until she was seventeen. The abuse stopped when the family moved to Kansas and she stayed in Nebraska to finish high school.

The appellant denied sexually abusing either stepdaughter.

■ As his first assignment of error, the appellant complains that the trial court improperly admitted evidence of other crimes in allowing his older stepdaughter to testify that she had been molested by him on occasions other than those charged. We have consistently held that, as a general rule, evidence of the commission by the accused of other crimes entirely distinct and independent of that for which he is on trial, is neither relevant nor admissible. However, an exception to this rule exists when evidence of similar offenses tends to show a system, plan, or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other. *Jett v. State,* 525 P.2d 1247 (Okl.Cr.1974). The facts show that the appellant sexually exploited his two stepdaughters over a period of years beginning with a progression of acts including attempts to convince the girls that what he was doing was for their benefit, and that his psychologist friends and even their mother knew what was happening and approved of it, and physical acts including exposure of himself to the girls, fondling, oral sodomy, and finally sexual intercourse on a regular basis. Both were sexually molested at home when their mother was away. Both testified that they feared the appellant. When either refused his advances, he used a combination of pouting and temper outbursts to have his way. We find that the appellant used the same coercive system on both of his minor stepdaughters, over whom he had control and dominion as a stepparent, to fulfill a common scheme which was to satisfy his sexual desires. Since we find that this evidence is admissible on these grounds, we find it unnecessary to address the issue of whether the trial court erred in admitting this evidence under the identity exception to the rule against other crimes evidence.

■ As his second assignment of error the appellant alleges that the verdict was based on insufficient evidence because the only evidence of the crimes is the testimony of his stepdaughter. Since determining the facts and weighing the evidence is the exclusive province of the jury, we have consistently held that where there is compe-

tent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, we will not interfere with the verdict, even though a sharp conflict in the evidence exists from which different inferences may be drawn. *Truelove v. State*, 545 P.2d 1270 (Okl.Cr. 1976). Even if the testimony of the prosecutrix contains some inconsistencies, they will not support a reversal of a conviction for rape unless the improbability of her testimony arises from something other than just the question of her believability. The question must be of such contradictory and unsatisfactory nature, or the witness must be so thoroughly impeached, that the reviewing court must say that such testimony is clearly unworthy of belief and insufficient as a matter of law to sustain a conviction. *Gamble v. State*, 576 P.2d 1184 (Okl.Cr.1978). This assignment of error is meritless.

As his third assignment of error, the appellant complains that hearsay statements were impermissibly allowed into evidence. The older stepdaughter testified that her sister told her about the events of November 23, 24, and 25. The testimony did not include details. A review of the transcript reveals that no objection was made at trial to the questions concerning the conversation between the sisters. Where evidence is admitted without objection, appellant may not complain upon appeal about its introduction. *Roberts v. State*, 568 P.2d 336 (Okl.Cr.1977). Furthermore, one to whom a complaint has been made may testify to the making of the complaint by the prosecutrix, but not to detailed statements as reported to the witness. *Cody v. State*, 361 P.2d 307 (Okl.Cr. 1961). Therefore, this assignment of error is likewise without merit.

The appellant alleges as his fourth assignment of error that his older stepdaughter's hearsay statement and her testimony concerning other crimes was prejudicial and inflammatory, and caused the jury to assess an excessive sentence. We disagree. As we have frequently held, we do not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of this Court. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980). After an examination of the facts and circumstances of this case, we cannot say the sentences imposed shock the conscience of this Court. This assignment of error is likewise found to be meritless.

The appellant argues, as his final assignment of error, that the sodomy statute, 21 O.S.1981, § 886 is unconstitutional because it violates the right of privacy in the home, and that there is no valid state interest in prohibiting this activity. Under the facts in the case before us, this statute may be constitutionally applied because the State has a compelling interest in protecting the physical and mental health of minors who are either forced to participate, or are too young to make an informed choice about participating in the sexual activity proscribed by this statute. A person to whom a statute may be constitutionally applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before this Court. See *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Therefore, this assignment of error is without merit.

The judgments and sentences are AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

I agree that the conviction in this case must be affirmed. Regarding the first assignment of error, application of the test outlined by Judge Brett's excellent opinion in *Huddleston v. State*, 695 P.2d 8 (Okl.Cr. 1984), and my specially concurring opinion therein, shows admission of this other crimes evidence was proper. Accordingly,

I concur that the judgment and sentence must be affirmed.