**Ricky Randall JOHNSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-84-185.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1986.

Rehearing Denied Oct. 20, 1986.

---

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Ricky Randall Johnson was convicted in Pontotoc County District Court of Burglary in the Second Degree and of Arson in the Second Degree and received sentences of five years' and ten years' imprisonment, respectively.

Appellant and three companions broke into a rural home while the owners were away in the early morning of July 21, 1983. The group took some food and they each stole a gun from the house. Upon leaving, one confederate, Don DeWitt, set a fire and burned the house down for the purpose of destroying their fingerprints.

Appellant urges that he did not have the intent to steal or commit a felony in the house when he entered it. He also purports that he did not want DeWitt to burn the home and did everything he could under the circumstances to stop him. Therefore, he contends the trial court erred in not instructing the jury of the offenses of Entering with Specific Intent, 21 O.S.1981, § 1438, and Malicious Mischief, 21 O.S. 1981, § 1760, though the court was never requested to do so at trial.

■ Appellant cites for authority of this assertion our cases relating to lesser included offenses. We have held that trial courts should instruct the jury of lesser included offenses warranted by the evidence. *Jackson v. State*, 554 P.2d 39 (Okl. Cr.1976). If not raised by the evidence, the jury should not be asked to consider other offenses. *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980).

■ We do not agree with appellant that the evidence supports the two lesser offenses. The State's evidence was that the group broke and entered the home with the intent to steal, and that before leaving, a fire was set which destroyed the building. Entering with Specific Intent includes a nonburglarious entry with the intent to steal, commit a felony, or malicious mischief within. Malicious Mischief includes the malicious destruction of another's property. These elements are not consistent with the State's evidence nor the appellant's defense.

■ Next, appellant claims that the State presented insufficient evidence of his entry with intent to steal or to commit a felony which would sustain the burglary conviction. 21 O.S.1981, § 1435. He concedes that intent may be inferred from facts and circumstances of the case. The rule this Court applies is:

[W]here there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

*Truelove v. State*, 545 P.2d 1270, 1271 (Okl. Cr.1976). Though appellant denied he had the intent to steal or commit a felony at the time he entered the house, it may reasonably be inferred otherwise from the evidence. One party in the group testified that he knew they were going to steal when they forced the door open and went into the house. There is no error.

Appellant claims that there is insufficient evidence to sustain his arson conviction on

two grounds. The first is that he did not participate in setting the fire and even voiced opposition to it. Second, is that the State failed to prove appellant did not withdraw from the arson.

According to the evidence, when DeWitt started setting the fire, appellant told him, "he didn't have to do that, you know, not burn the house down." Appellant testified he was afraid of DeWitt and did no more to stop him because he thought DeWitt was carrying a loaded gun. He argues that since he did not participate in acts of arson, he cannot be held criminally responsible for it. However, appellant's own testimony admitted at the least a conspiracy to break and enter the house and to commit larceny. When a conspiracy is entered to do an unlawful act, responsibility is not limited to the accomplishment of the common design. Rather, "it extends to and includes collateral acts incident to and growing out of the common design." *Oxendine v. State*, 350 P.2d 606 (Okl.Cr.1960).

Principals include:

All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present....

21 O.S.1981, § 172.

In the absence of evidence sufficient to prove abandonment of the criminal enterprise, the State is not obligated to prove appellant did not withdraw. By his own testimony, appellant did not withdraw from the criminal scheme. *Daniels v. State*, 558 P.2d 405 (Okl.Cr.1977). He stayed with the group the entire night hiding, and also with the group secreting the guns they had stolen. Withdrawal requires letting the other parties know of one's abandonment and doing everything in one's power to prevent the commission of the crime. *Id.* The most that can be said of appellant's conduct is that he objected to the fire being set. This is insufficient to establish withdrawal. *Collins v. State*, 561 P.2d 1373 (Okl.Cr.1977).

One of appellant's confederates, Steve Alexander, testified as a State's witness at trial. He was allowed to testify concerning the night after the burglary and arson when he, appellant, and a third confederate took the guns they had stolen and threw them into a pond. Appellant claims this constituted improper admission of evidence of other crimes.

We disagree. When there is a logical connection with the crime charged, evidence of other offenses may be admitted. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). The incident Steve Alexander testified of was a part of the entire criminal transaction.

The prosecutor made several remarks during closing argument which appellant claims deprived him of a fair trial. We first note that appellant offered no objection to these at trial. In the absence of an objection and a request that the jury be admonished to disregard the statements, error is waived. *Myers v. State*, 623 P.2d 1035 (Okl.Cr.1981). None of the remarks inflicted such prejudice as to constitute fundamental, reversible error. This assignment is overruled.

Finally, appellant claims the trial court abused its discretion in ordering his two sentences to be served consecutively. *Lloyd v. State*, 654 P.2d 645 (Okl.Cr.1982). We note that he received sentences less than the maximum allowable for each offense. A presentence report revealed he had been involved in numerous thefts as a juvenile. Further, the only mitigating circumstance he offers is that the incident occurred on the spur of the moment and was not planned. We find no abuse of the trial court's discretion.

Finding no error warranting reversal or modification, judgments and sentences are AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

The testimony of State's witness Steve Alexander should not have been admitted as evidence of other crimes or bad acts which were a part of the entire transaction. Unlike the events in *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980), these actions did not take place in close proximity in time, nor did they constitute a *continuous* chain of events. *Id.* at 1377. A mere logical connection alone is insufficient to warrant admissibility of evidence where its prejudicial effect so strongly outweighs its probative value. Therefore, I respectfully dissent.