Joe Michael WEBB and Joe Donald
Bass, Appellant,

v.

STATE of Oklahoma, Appellee.

Nos. F–85–540, F–85–541.

Court of Criminal Appeals of Oklahoma.

June 9, 1988.

As Corrected June 14, 1988.

Rehearing Denied Jan. 9, 1989.

Thomas Purcell, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Teresa Lynette Parrish, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Joe Michael Webb and Joe Donald Bass, were tried and convicted in the District Court of Pittsburg County of the crime of First Degree Arson After Former Conviction of Two or More Felonies, in violation of 21 O.S.1981, §§ 51 and 401, Case No. CRF–84–287, and were each sentenced to fifty (50) years' imprisonment.

On September 3, 1984, the appellants Joe Michael Webb and Joe Donald Bass, inmates at the trustee facility at the Oklahoma State Penetentiary, entered into a scheme with another inmate, Leroy Reynolds, whereby the group would set fire to trustee building number three of trustee unit three of that facility. Late that afternoon, Reynolds and Bass filled four empty soft drink cans with gasoline that they had obtained from a nearby storage building. Acting according to their plan, Reynolds and Bass brought the four cans of gasoline into trustee building three and hid them in the ceiling of the west wing bathroom. The plan was for appellant Webb to set fire to the gasoline after the evening inmate count.

At approximately 8:00 p.m. that evening, appellant Webb entered co-conspirator Reynolds' room with a rolled up newspaper

which Reynolds believed was to be used as a torch. At 8:30 p.m., Webb returned to Reynolds' room, picked up the newspaper he had left there, and instructed Reynolds to watch the halls while Webb went into the bathroom.

Reynolds went to a nearby room used by the inmates for watching television, and stood by the door. Webb arrived a few minutes later and sat down. Shortly thereafter, Bass entered the room, walked over and spoke with Webb, and the two left together. Bass returned within a few minutes and took the seat previously occupied by Webb. Webb returned ten minutes later and also sat down to watch television. At about this point in time, smoke began entering the rooms and the building was evacuated.

An investigation into the circumstances surrounding the fire was begun immediately. Subsequently, appellants Joe Michael Webb and Joe Donald Bass were charged by information with Arson, First Degree, After Former Conviction of Two or More Felonies. They were tried jointly in District Court of Pittsburg County. Co-conspirator Reynolds negotiated a plea and testified on behalf of the State of Oklahoma.

■ For their first proposition of error, the appellants argue that a mistrial should have been declared because the prosecution failed to voluntarily disclose certain evidence which is alleged to have been exculpatory. Arturo Montoya, another inmate, signed a statement during the investigation in which he claimed to have been responsible for the fire. Since Webb's attorney did not have personal knowledge of the Montoya statement until the day before Montoya testified, the appellants argue that this amounts to a violation of their rights to due process under the Fourteenth Amendment to the Constitution of the United States, and the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). There are several reasons why this argument has no merit.

A prosecutor has a constitutional duty to voluntarily disclose information when a failure to do so is of "sufficient signifi-

cance to result in the denial of the defendant's right to a fair trial." *United States v. Agurs,* 427 U.S. 97, 108, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). The prosecutor's duty, however, is not so broad as to require disclosure of any or all evidence which *might* affect a jury's verdict. *Agurs, supra,* 427 U.S. at 108–9, 96 S.Ct. at 2399–2400. (Emphasis Added). Webb must show that he was prejudiced before his conviction will be reversed for failure to disclose Montoya's statement. *Dyke v. State,* 716 P.2d 693 (Okl.Cr.1986).

While it is true that the prosecutor did not affirmatively act to inform Webb's attorney about Montoya's statement, it is not true that counsel for the defense was unaware of Montoya's purported confession. The record shows that Webb's trial counsel was told by Webb and Bass that Montoya had confessed, but the attorney placed little or no credence in this revelation. Also, the attorney for appellant Bass interviewed Montoya personally at least "a week or so" prior to trial and he, too, chose not to place credence in Montoya's story.

In addition to obviously having the opportunity to interview Montoya in advance of trial, counsel for the defendants had ample opportunity to explore Montoya's testimony at trial. This Court has previously ruled that this is sufficient to vindicate a defendant's rights in similar situations. *See Nauni v. State,* 670 P.2d 126, 133 (Okl.Cr.1983), citing *Brewster v. State,* 445 P.2d 534 (Okl.Cr.1968). Applying the above rules to the facts in the record of this case, it is clear that the appellant's first proposition of error has no merit.

In their second and fourth propositions of error, the appellants complain of allegedly improper comments made by the prosecutor during the course of the trial and during closing statements. The appellants also allege error in the admission of certain evidence. We note that the record is not only void of such statements, but no objections were made to these alleged statements nor to the admission of the evidence complained of. It is well settled that failure to object to such matters constitutes a waiver of these purported errors on appeal.

*See Sullivan v. State,* 716 P.2d 684 (Okl. Cr.1986) and *Rushing v. State,* 676 P.2d 842 (Okl.Cr.1984).

■ Similarly, the appellants have waived their third proposition of error, that the State allegedly violated the appellants' due process rights by coercion of witnesses, because of their failure to cite relevant authority. *See Griffith v. State,* 734 P.2d 1301, 58 O.B.A.J. 724, 726 (Okl.Cr.1987) and *VanWoundenberg v. State,* 720 P.2d 328, 335 (Okl.Cr.1986).

■ As the fifth, and final, proposition of error, Webb and Bass argue that their conviction must be reversed because the State's case was "inconsistent, incredible and contradictory." Simply stated, the appellants' final proposition is based on their perception that the jury believed the wrong witnesses. Significantly, here too, the appellants have failed to cite any authority.

The settled rules are that when there is any competent evidence in the record to establish the guilt of the accused, this Court will not interfere with the jury's verdict. *Johnson v. State,* 725 P.2d 1270 (Okl.Cr.1986). It is the exclusive province of the jury to weigh the evidence, resolve conflicts, and determine the facts. *Rice v. State,* 666 P.2d 233 (Okl.Cr.1983). Even when the evidence is entirely circumstantial, if the jury's conclusion can reasonably and logically be supported by that evidence, this Court will not disturb their verdict on appeal. *Box v. State,* 505 P.2d 995 (Okl.Cr.1973). Applying these rules to the record, there is ample support for the verdict; appellants' final proposition is also without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to point out that the comments made by the prosecutor about witness Reynolds were clearly improper. However, this error was not properly preserved for appellate review by a timely, specific objection. Consequently, the record can be reviewed for fundamental error only. *Garcia v. State,* 734 P.2d 820, 824 (Okla.Crim.App.1987). Finding no fundamental error, I concur in the affirmance of the judgment and sentences.