Wayne Ross CONNELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–667.

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1988.

**384**

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Wayne Ross Connell, was tried and convicted in Carter County District Court, Case No. CRF–84–44, of Possessing and Concealing Stolen Property, (Count I), and Weapon Use in the Commission of a Crime (Count II). He received a sentence of two (2) years' imprisonment and a $500.00 fine on Count I and a sentence of three (3) years' imprisonment on Count II, and appeals.

On January 15, 1984, a 1980 Peterbilt semi-tractor truck was stolen from Bob Lee in Muenster, Texas, and driven into Oklahoma. Bill Noland, a Carter County undersheriff, received information from Texas authorities concerning the truck. He contacted the Oklahoma State Bureau of Investigation to assist in the investigation, and arrangements were made to "buy" the truck from the thieves. Delivery was made on February 3, 1984, in a motel parking lot in Ardmore, Oklahoma. Appellant and two accomplices were arrested at the scene. Testimony disclosed that appellant was the driver of a pickup truck used to escort the stolen truck from its place of storage to the place of the sale; that he knew that the truck was stolen; that a loaded shotgun was found in the pickup which he was driving; and that he was to receive $1,000.00 for his participation.

As his first assignment of error, appellant complains that the court erred in admitting hearsay testimony from an OSBI agent in charge of the undercover investigation and arrest, pursuant to the co-conspirator exception. *See* 12 O.S.1981, § 2801(4)(b)(5). The appellant was not formally charged with conspiracy; however this does not prevent the court from applying the statute. *See United States v. Busch*, 758 F.2d 1394, 1397 (10th Cir.1985).

Here, testimony was elicited from other witnesses, including accomplices to the theft, which tended to show that a

conspiracy existed to steal and resell the truck in question. This independent evidence was presented prior to the hearsay statement now being challenged. At the time the O.S.B.I. agent was called to testify and introduce the hearsay statements in question, the trial judge held an *in camera* hearing to determine the admissibility of the proposed testimony. He made his determination by following the procedure outlined in *United States v. James*, 590 F.2d 575 (5th Cir.1979), and adopted by this Court in *Laske v. State*, 694 P.2d 536, 538 (Okl.Cr.1985). We see no abuse of discretion in admitting this testimony and can only conclude that this assignment of error lacks merit.

 As his second, fourth, and fifth assignments of error, the appellant argues that the evidence was insufficient to support his convictions. Reviewed in the light most favorable to the prosecution, we believe that there was sufficient evidence, although for the most part circumstantial, from which the jury could reasonably find all of the elements of the crimes charged. *See Johnson v. State*, 725 P.2d 1270, 1272 (Okl.Cr.1986); *Spuehler v. State*, 709 P.2d 202, 203 (Okl.Cr.1985). This assignment is groundless.

Appellant's third assignment is that the trial court erred in allowing the prosecution to submit the preliminary hearing testimony of Bob Lee, the owner of the truck. Again, we must disagree.

Deputy Noland testified that he had spoken with Mr. Lee and that Mr. Lee had not been served a subpoena to appear at trial, could not be there for the trial, and was tired of driving from his home in Ft. Worth Texas. The State explained how it tried to secure Mr. Lee's attendance through the process established by 22 O.S.1981, § 721 et seq. The trial judge determined from the facts that the State exercised due diligence and good faith in trying to secure Mr. Lee's testimony. This is the required showing and there is no error here. *See Nobles v. State*, 668 P.2d 1139 (Okl.Cr. 1983); and 12 O.S.1981, § 2804(B)(1).

The appellant's claim that his right to confront witnesses was denied is also without substance. The appellant was present at the preliminary hearing and was represented by counsel. We do not believe that the appellant was prejudiced by this testimony. Lee's testimony was limited to showing that his truck had been stolen. Lee at no time testified that this appellant was the thief. The appellant's third proposition is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.