Lonnie Dale WELLS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-88-823.

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1990.

---

Ronald H. Mook, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellant, Lonnie Dale Wells, was charged by Amended Information in the District Court of Tulsa County, Case No. CRF–87–3736, for the crimes of Rape in the First Degree (21 O.S.Supp.1983, § 1114) and (2) two counts of Lewd Molestation of a Child (21 O.S.Supp.1985, § 1123), each After Former Conviction of a Felony (21 O.S.Supp.1985, § 51(A)). After hearing testimony, the trial court determined that the charge of Rape in the First Degree should not be submitted to the jury for its consideration. The jury found appellant guilty of each count of Lewd Molestation of a Child and set punishment at sixty (60) years imprisonment for each count. The trial court sentenced appellant in accordance with the jury's verdict and ordered that the sentences be served consecutively. From this Judgment and Sentence, appellant has perfected this appeal. We reverse and state only those facts pertinent to the grounds for reversal.

The charges against appellant stem from two incidents of alleged molestation of his daughter, S.W., who was seven years old at the time. As part of its case in chief, the State introduced evidence of other uncharged, unadjudicated crimes allegedly committed by appellant (hereinafter referred to as the "other alleged crimes"). The other alleged crimes were described[1] as follows:

> 1) [Appellant]'s rape of S.W.'s aunt, T.B., approximately 6 or 7 years ago, when T.B. was 13 or 14 years old. This incident occurred in Skiatook, Oklahoma.
>
> 2) [Appellant]'s attempted rape of S.W.'s aunt, Y.B., approximately 9 years ago, when Y.B. was 12 years old.
>
> 3) [Appellant]'s molestation of S.W.'s cousin, C.J., approximately 2 years ago when C.J. was 11 years old. This incident occurred out in a wooded area when the [appellant] tried to remove C.J.'s shirt.

Appellant's first proposition of error asserts that the other alleged crimes offered as evidence against him by the State do not qualify as exceptions to the general rule that such evidence is not admissible. We agree.

Evidence of other crimes or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. 12 O.S.1981, § 2404(B). Moreover, when one is put on trial, one is to be convicted—if at all—by

---

1. The description of other crimes set forth above was contained in the State's Supplemental Notice of Intention to Offer Evidence of Other Criminal Acts filed to comply with the requirements mandated in *Burks v. State,* 594 P.2d 771, 774 (Okl.Cr.1979).

evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded. *Burks*, 594 P.2d at 772.

The State contends that the other alleged crimes introduced as evidence against appellant are admissible under the common scheme or plan exception to the general rule of inadmissibility. The State supports its contention by asserting that this Court has held that in cases involving sexual molestation of young children, evidence of prior crimes, even extending over a period of years, is admissible to show a common scheme to satisfy the defendant's sexual desires. *Little v. State*, 725 P.2d 606 (Okl. Cr.1986), and *Huddleston v. State*, 695 P.2d 8 (Okl.Cr.1985), are cited in support of this assertion. We disagree with the State's analysis of our previous holdings.

In *Huddleston*, the defendant was charged with the rape of his nine (9) year old daughter while she was visiting him during the Christmas holidays in 1981. At trial, evidence that the defendant had molested his daughter in September or October, 1981 was introduced. This Court found that the rape at Christmas was the culmination of the September–October molestation because the defendant had learned that his daughter would not tell her mother if the defendant asked her to remain silent. The molestation thus prepared the way for the Christmas rape and the Christmas rape was made to depend upon the molestation. This Court held that such circumstances constituted a common scheme or plan making the molestation admissible into evidence.

In *Little*, the defendant was charged with rape and sodomy of his youngest stepdaughter. Evidence of the defendant's sexual molestation of his older stepdaughter was held to be admissible under the common scheme or plan exception because the crimes were so related that proof of one tended to establish the other. This Court found that the defendant used the same coercive system on both stepdaughters, over whom he had control and dominion, to fulfill a common scheme which was

to satisfy his sexual desires. The facts constituting this same coercive system included:

"attempts to convince the girls that what he was doing was for their benefit, and that his psychologist friends and even their mother knew what was happening and approved of it, and physical acts including exposure of himself to the girls, fondling, oral sodomy, and finally sexual intercourse on a regular basis. Both were sexually molested at home when their mother was away. Both testified that they feared the appellant. When either refused his advances, he used a combination of pouting and temper outbursts to have his way."

*Little*, 725 P.2d at 607.

We find that the facts of the present action are clearly distinguishable from *Huddleston* and *Little*. The other alleged crimes used as evidence against appellant purportedly occurred two (2), six (6) or seven (7), and nine (9) years prior to the crimes with which appellant was charged. The other alleged crimes are also factually different from the charged offenses. Accordingly, we find that they do not qualify under the common scheme or plan exception to the general rule of inadmissibility. The other alleged crimes were all against different victims and therefore did not prepare the way for the current crimes and commission of the current crimes were not made to depend on the other alleged crimes contrary to *Huddleston*. In addition, the only fact that connects the other alleged crimes to the current crimes is that they were committed against children to whom appellant was related. Unlike the detailed coercive system in *Little*, such a connection is too tenuous to find that the other alleged crimes are so similar or so related to the crimes charged that proof of one tends to establish the other. To hold that the other alleged crimes are admissible would be allowing the State to prove appellant's character to show that he acted in conformity therewith and would allow the exception to engulf the general rule.

We are loath to subject S.W. to the traumatic experience of testifying about this

matter again. However, due process under the United States and the Oklahoma constitutions demands that appellant be convicted for the crimes for which he is charged and not for being a bad character. We therefore REVERSE and REMAND this action for a NEW TRIAL.

LANE, V.P.J., and BRETT and JOHNSON, JJ., concur.

LUMPKIN, J., dissents.

LUMPKIN, Judge, dissenting.

I must respectfully dissent to the Court's decision in this case. The State not only complied with the notice requirements of *Burks v. State*, 594 P.2d 771, 774 (Okl.Cr. 1979), but the evidence also met the guidelines for admissibility set forth in *Burks*. *Id.* at 772. I further disagree with the Court's attempt to distinguish our prior approval of this same type of evidence and the circumstances in *Little v. State*, 725 P.2d 606 (Okl.Cr.1986), and *Huddleston v. State*, 695 P.2d 8 (Okl.Cr.1985). Rather than being distinguishable these cases support the admissibility of the evidence. I do not find support in the law as to the amount of time between offenses being a factor as to whether the exceptions set forth in 12 O.S.1981, § 2404(B), are applicable. The provisions of this section do not contain the time limitations on convictions which are addressed in 12 O.S.1981, § 2609(B), for purposes of impeachment. We have previously set forth the factors to be considered for admissibility in *Burks*, and these requirements did not include a time restriction or a requirement that each offense be against the same victim. The determining factor to be addressed here is whether there was a "visible connection" between the offense charged and the offense sought to be proved. The similarities in Appellant's approach to each of the victims, the young ages of the girls, the subsequent silence of the girls, and the actual sexual nature of the offenses are appropriate to show motive and common scheme or plan in this case. The court disregards the reality of the fact that sex offenders of this type, who victimize young family members, more often than not go undetected for extended periods of time. This is due to the embarrassment and fear on the part of the young victims to disclose the acts that have been committed against them. The Legislature has not restricted the admissibility of this type of evidence by including a time limitation on the prior acts or a requirement that each offense was committed against the same victim, and I do not find an independent basis in the law to establish a bright line in this case. The guidelines established in *Burks*, 594 P.2d at 772, are sufficient to restrict "other crime" evidence without further limitations. I therefore DISSENT.