**Bill Ralph FRAZIER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–89–491.

Court of Criminal Appeals of Oklahoma.

May 12, 1994.

Jo–Ann Askins, Oklahoma City, Trial Defense Counsel and Michael Wilson, Asst. Appellate Indigent Defender, Norman, Appellate Counsel, for appellant.

Kerry A. Kelly, Asst. Dist. Atty., Trial Counsel Prosecutor and Susan Brimer Loving, Atty. Gen. of Oklahoma and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, Appellate Counsel, for appellee.

## OPINION

LANE, Judge:

This case arises from the sale of stolen aluminum scaffolding walkboards. Bill Ralph Frazier, Appellant, was tried by jury and convicted of Concealing Stolen Property, After Former Conviction of Two Felonies (21 O.S.1981, § 1713) in Oklahoma County District Court, Case No. CRF–88–4744. The jury set punishment at twenty (20) years in the custody of the Department of Corrections, and the trial court sentenced accordingly.

In this perfected appeal, the appellant argues the trial court erred by denying him a continuance of the preliminary hearing; the evidence was insufficient; and testimony regarding a "pen pack" was inadmissible hearsay. We find denial of the continuance proper and the evidence sufficient. For the first time we apply 12 O.S.1981, § 2803(8) to testimony regarding a pen pack, and find this evidence admissible.

Appellant regularly sold small quantities of aluminum scaffolding walkboards to the Reynolds Aluminum recycling center in Oklahoma City. On Saturday July 30, 1988, he

sold two large batches of walkboards, one cut into 10″ lengths and one uncut, to Reynolds. At the rate of 80 cents a pound, Reynolds paid him $1,530.40 and $1,272.00.

The following Monday morning, H & H Masonry superintendent Jerry Ray Poe discovered the H & H equipment lot had been broken into. A total of 237 aluminum walkboards were missing; approximately 100—130 walkboards had disappeared since the close of business the preceding Friday. Poe found many of the H & H walkboards at Reynolds. Poe identified the H & H property by the dimensions, and by green paint markings and spattered mortar on them. The Reynolds foreman identified appellant as the seller of the aluminum.

■ At the preliminary hearing, defense counsel moved for a continuance on the grounds she had been retained the previous day and was unprepared. The magistrate noted the appellant had twenty-six days' notice of the hearing and overruled the motion. The appellant made no showing of diligence to obtain counsel. On appeal appellant argues the magistrate thereby denied him his constitutional right to counsel.

■ Appellant recognizes he must show some diligence in his attempt to obtain counsel in order to warrant a continuance for failure to do so. *See Lamascus v. State,* 516 P.2d 279 (Okl.Cr.1973). Even so, he attempts to shift this burden of production to the trial court to develop a record. This misapprehends his own duty. The trial court noted he had 26 days from the date of arraignment to obtain counsel, and afforded Appellant an opportunity to present any evidence of his diligence. Appellant presented none. We find no abuse of discretion by the magistrate in overruling the motion for continuance.

■ Appellant next argues the evidence was insufficient to convict him. To support this position he claims the identification of the aluminum walkways by Mr. Poe, the H & H superintendent, was not believable. On appeal this Court has no authority to invade the province of the jury where competent evidence exists in the record from which the jury could reasonably conclude the defendant is guilty as charged. *Truelove v. State,* 545 P.2d 1270 (Okl.Cr.1976). Appellant vigorously cross-examined Mr. Poe to expose any weakness in his identification. This evidence was weighed by the jury who ultimately found the identification to be believable. We find no error here.

■ Continuing this argument, the appellant claims the testimony of the Reynolds foreman required corroboration prior to admission, for he was an accomplice to the appellant's crime. The only support appellant proposes for this bold accusation is that although he was not charged with a crime, the foreman "did not likely come into the courtroom with clean hands" and "probably had ample incentive to testify against (the appellant)". Appellant cites no case which extends the definition of "accomplice" this far, and we decline to do so now.

■ In his final proposition of error, the appellant attacks the admission of portions of his "pen pack" in the second stage of trial to prove his former conviction. A pen pack consists of a judgment and sentence, photograph and fingerprints of the convicted person. It is created and maintained by the Department of Corrections.

The admitted evidence was certified by the Manager of Offender Records in the Oklahoma Department of Corrections, and her signature was verified by the Secretary of State for the State of Oklahoma. Appellant argues it is inadmissible hearsay because the witness who testified about it, and through whom it was introduced did not receive it directly from the Department of Corrections.

Police Lieutenant Rupe testified he compared the photo and fingerprints in the pen pack to a photo and fingerprints of the defendant and found them to be of the same person. This testimony was used to prove one of the former convictions, and the evidence was admitted into trial. Lieutenant

Rupe testified he received the pen pack from the District Attorney's office rather than directly from the Department of Corrections. Defense counsel's objection to its admission on hearsay grounds was overruled.

The State urges the testimony is admissible because it falls within the "catch-all" exception to the hearsay rule codified in 12 O.S.1981, § 2803(24). While we agree with the State that the pen pack certainly has guarantees of trustworthiness, we find 12 O.S.1981, § 2803(8) more closely fits the nature of this evidence.

Title 12 O.S.1981, § 2803(8) provides:

To the extent not otherwise provided in this paragraph, records, reports, statements or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities or matters observed pursuant to duty imposed by law and as to which there was a duty to report ...

Pen packs are regularly created by the Department of Corrections as permanent records of incarcerated persons. As such they fit squarely within Section 2803(8). The fact that the pen pack used in this case was sent to the District Attorney and then given to Lieutenant Rupe is immaterial.

We note that the relevance of the material in the pen pack was not at issue in this case, for only that information which pertained to former conviction was admitted. The fact that the pen pack is admissible does not relieve the trial court of its duty to make a determination of relevance prior to admitting any evidence. 12 O.S.1981, § 2402.

Finding no error which requires reversal or modification of sentence, the judgment and sentence is AFFIRMED.

LUMPKIN, P.J., JOHNSON, V.P.J., and CHAPEL and STRUBHAR, JJ., concur.